[Civ. No. 3072. First Appellate District, Division One.—December 12, 1919.]

## HENRY BLACK, Respondent, v. HENRIETTA C. KNIGHT, Appellant.

[1] LANDLORD AND TENANT—RESERVATION OF BASEMENT—LEASE OF TO CARPENTERS—DISTURBANCE OF TENANTS—EVIDENCE OF ILL WILL.— Where the lessor reserves the basement of the leased premises, he has a right to lease the same to a firm of carpenters, and his act in so doing, and the consequences of said act in the later disturbance of the subtenants of the lessee of the remainder of the building by the noise of the machinery incident to the conduct of the shop, cannot be attributable to or furnish any proof of ill will on the part of the lessor toward his said lessee where there is no evidence to show that at the time of the letting and use of said basement as aforesaid the lessor was in anywise dissatisfied with his tenant or with the terms of his lease.

[2] ID.—SUBLEASE OF BUILDING AT INCREASED RENTAL—STATEMENTS BY LESSOR—INSUFFICIENT AS EVIDENCE OF MALICE.—A statement by a lessor, made upon learning that the lessee had made a sublease of the premises at a rental much in excess of that which he was receiving, that "You ought to divide the profits with me," is not sufficient to support a charge of malice on the part of such lessor against his tenant, or to supply a reason based on ill will for the institution of a wrongful action in unlawful detainer against him.

[3] ID.—OVERTURES TO SUBLESSEE TO LEASE DIRECT—NOT EVIDENCE OF MALICE.—Malice is not shown by the fact that the lessor, after the commencement of an action in unlawful detainer against his lessee, made overtures to the subtenant to take a direct lease from him at the same rental agreed to be paid by her under her contract with the lessee.

[4] ID.—PROSECUTION OF CAUSELESS ACTION—WHEN EVIDENCE OF MALICE.—Out of the commencement and prosecution of a causeless action by one person against another the presumption of malice may arise from proof of the fact of a want of probable cause for the institution of such action.

[5] ID.—PROBABLE CAUSE—WHAT CONSTITUTES.—Probable cause for the institution of an action does not mean legal cause therefor, but only an honest suspicion or belief on the part of the instigator thereof, founded upon facts sufficiently strong to warrant a reasonable man in believing that such action is proper.

[6] ID.—PROBABLE CAUSE FOR COMMENCEMENT OF ACTION—ADVICE OF COUNSEL.—Where a lessor in good faith lays all the facts upon which he relies before his attorney, and is advised by the latter that he has a good cause of action in unlawful detainer against his tenant, he has probable cause for the commencement of such an action.

[7] ID.—RECOVERY OF JUDGMENT IN TRIAL COURT—PRESUMPTION OF PROBABLE CAUSE—REVERSAL OF JUDGMENT ON APPEAL.—The fact that the plaintiff in such action recovered judgment in his favor upon the trial of the action entitled him, upon the trial of a subsequent action against him, to the full benefit of the presumption of the existence of probable cause for the institution of his said former action; and the fact that such judgment was reversed upon appeal did not suffice to deprive him of the benefit of that presumption.

[8] ID.—DISMISSAL OF ACTION FOLLOWING ADVERSE DECISION ON APPEAL—PRESUMPTION OF PROBABLE CAUSE NOT OVERTHROWN.— Where the decision of the appellate court, upon the reversal of a judgment of the trial court in favor of the plaintiff, is such as to render impossible the further successful prosecution of the cause on the part of the plaintiff in the trial court, his dismissal of the action cannot be held to be such a voluntary abandonment of his

5. What constitutes malice as element of malicious prosecution, note, 21 Ann. Cas. 756.

6. Counsel's advice as defense to action for malicious prosecution, notes, 16 Ann. Cas. 718; Ann. Cas. 1918A, 498; 18 L. R. A. (N. S.) 49; 39 L. R. A. (N. S.) 207; advice of layman, magistrate or justice of peace, notes, 16 Ann. Cas. 718; Ann. Cas. 1918A, 498.

case as to give rise to the presumption of such want of probable cause in its inception as would either suffice to show malice or to overthrow the presumption as to the existence of probable cause which was raised by the original judgment in his favor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John T. Nourse, Judge. Reversed.

The facts are stated in the opinion of the court.

Samuel Knight, F. Eldred Boland and Carl H. Abbott for Appellant.

Arthur H. Barendt for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor for the sum of $5,547.30 in an action to recover damages for the eviction of the plaintiff from certain leasehold premises, which eviction the plaintiff asserts to have been accomplished through an action in unlawful detainer, the prosecution of which was malicious and without probable cause.

This is the second appeal presented to the appellate tribunals in this case, the judgment rendered in the plaintiff's favor for the sum of $10,449 upon the first trial thereof having been affirmed in this court (*Black* v. *Knight,* 23 Cal. App. Dec. 905), but reversed by the supreme court in *Black* v. *Knight,* 176 Cal. 722, [L. R. A. 1918C, 319, 169 Pac. 382].) The fact that the case as now presented upon this appeal differs in certain material features from that considered by this court and by the supreme court upon the former appeal, both in respect to the parties defendant and to certain essential facts for the first time put in issue by amendments to the complaint, made after the reversal of the cause on the first appeal, upon which alleged facts the plaintiff and respondent relies for the support of his judgment upon the present appeal, renders necessary a more extended and detailed review of the history of the relations and litigation between the parties than would otherwise have been required.

In November of the year 1908 Robert S. Knight, the husband of the present defendant and appellant herein, was the owner of a lot in the city of San Francisco which is

now known as No. 650 California Street, and at that time
entered into an agreement with the plaintiff herein by the
terms of which said Robert S. Knight was to construct
and, when completed, to lease to the plaintiff a building upon
said lot for the term of ten years at a monthly rental of $325
for the first five years, and $350 for the last five years of the
term. The lease provided that immediately after the com-
pletion of the building and its occupancy by the plaintiff
he should furnish it with suitable furniture for an apart-
ment house having a cash value of not less than three thou-
sand dollars, which furniture should be free of liens, and
that within thirty days thereafter the plaintiff should exe-
cute to said Robert S. Knight a note for said sum of three
thousand dollars secured by a chattel mortgage upon said
furniture, which said note and mortgage was to be and
remain as the said lessor's security for the rent due and
to become due under the terms of said lease. The building
was completed on or about the twenty-fifth day of June,
1909, at which time the plaintiff herein took possession.
The basement of the building had been reserved by the les-
sor, and was by him on the twenty-second day of June,
1909, leased to a firm of carpenters, who then entered into
the possession and use thereof. On July 12, 1909, the plain-
tiff as lessee of his portion of said building, entered into a
contract for the subletting thereof, with the knowledge and
consent of the lessor, to one Ida Quinn, by the terms of which
said Ida Quinn promised and agreed to take said premises for
a ten-year term at a rental of $425 per month for the first
sixty months of said term, and of $460 per month for the last
sixty months thereof. By the terms of her said agreement
the said Ida Quinn was also to completely furnish said prem-
ises at a cost of not less than four thousand five hundred
dollars, and to give to her immediate lessor, the plaintiff
herein, a chattel mortgage upon said furniture to secure
the payment of the rent. Ida Quinn took possession of said
premises under said agreement for the lease thereof on or
about the twelfth day of July, 1909, and paid the first
month's rent thereunder, but presently began objecting to
her lessor as to the noise of the machinery, etc., incident to the
conduct of the carpenter-shop in the basement of the building,
claiming a loss of patronage thereby, and refused to execute
her lease or to pay any more rent until the nuisance occasioned

by these noises was abated. The plaintiff, her lessor, immediately notified his lessor, Robert S. Knight, of the trouble caused by the noises of the carpenter-shop, and demanded that these disturbances be abated. The evidence is in conflict as to whether Robert S. Knight acted very promptly upon this complaint, and the trial court in its findings herein resolved said conflict in the plaintiff's favor, finding that said Robert S. Knight refused and neglected to take any measures to abate said disturbance prior to the end of October, 1909, and then only so imperfectly that in February, 1910, said Ida Quinn lost roomers by reason of the noise in the said basement carpenter-shop. In the meantime the plaintiff herein had not performed that portion of his lease of said premises which required him to execute and deliver to Robert S. Knight as his lessor a promissory note for three thousand dollars and a chattel mortgage upon the furniture in said premises as security for his rent. Apparently the reason why he had failed to do so was that his subtenant, Ida Quinn, who had furnished the apartments therein, had not performed the like portion of her agreement. Accordingly, and on or about August 25, 1909, Robert S. Knight made written demand upon his lessee, the plaintiff herein, that he perform that condition of his lease within three days; within said time said plaintiff, while unable for the reason stated to give the required mortgage, offered to deposit in lieu thereof the sum of three thousand dollars in gold coin of the United States in any bank in the city of San Francisco to be selected by said Robert S. Knight, until such time as said plaintiff could literally perform said term in his said lease. Robert S. Knight, however, after seeking and obtaining the advice of his counsel, refused, in accordance with such advice, to accept said offer, and shortly thereafter, and on September 4, 1909, commenced an action in his own name as plaintiff against his lessee to recover possession of the demanded premises, basing his right thereto upon the breach of the aforesaid condition of the lease. This cause proceeded to trial, and on March 3, 1910, a judgment was entered in favor of the plaintiff therein to restore the possession of said premises to Robert S. Knight, and to pay certain damages, costs, and counsel fees.

While these proceedings were thus pending the defendant therein was endeavoring on his part to oust his subtenant, Ida Quinn, from said premises for her failure and refusal to comply with the terms of her contract for a sublease thereof, and had commenced an unlawful detainer action against her, which went to judgment in his favor on March 2, 1910. While this latter suit was pending Ida Quinn had retained possession of the premises up to about the 23d of February, 1910, when she delivered the possession thereof to Robert S. Knight, who thereafter retained possession of the same. The defendant in the case of *Knight* v. *Black* and the plaintiff in this action took an appeal from the judgment rendered therein on March 3, 1910, to this court, urging upon said appeal that his offer to deposit the sum of three thousand dollars in lieu of the chattel mortgage provided for in his lease amounted to a substantial performance of the clause therein requiring such mortgage, and hence that he was not in default as to any of the terms of his said lease at the time of the institution of said action. He prevailed in this contention upon said appeal, this court deciding the point in his favor, and reversing the judgment in said case on July 22, 1912 (*Knight* v. *Black,* 19 Cal. App. 519, [126 Pac. 512]). A petition for rehearing having been denied in this court and also in the supreme court, upon the going down of the *remittitur* in that case, the defendant therein moved the trial court for an order bringing in Henrietta C. Knight as a party plaintiff therein, which motion was on November 15, 1912, granted by the trial court by consent. Shortly thereafter, and on December 6, 1912, Robert S. Knight and Henrietta C. Knight, by her attorney in fact, Robert S. Knight, tendered possession of the premises to the defendant in that action and the plaintiff in this action for the remainder of the unexpired term of his said lease. This tender was refused by him, and shortly thereafter, and on December 12, 1912, the then plaintiffs in said action caused to be entered a dismissal thereof. Within a short time thereafter the plaintiff herein commenced the present action against Robert S. Knight and Henrietta C. Knight for damages in the sum of fourteen thousand eight hundred dollars for his alleged unlawful eviction from said premises, and for the further sum of $611.50, his costs and expenses incurred in defending said former action. In his

original and also in his first amended complaint filed in this
action the plaintiff made no express averment charging the
defendant with having acted maliciously or without prob-
able cause in procuring the eviction of the plaintiff from the
premises in question through the institution of the former
action or during the pendency thereof. He relied upon the
averments that his said eviction was illegal because so de-
termined to be by the decision of this court in the reversal
of the judgment in said former action upon appeal. The
defendants in their answer denied the illegality of the plain-
tiff's eviction, and also denied the fact of such eviction,
alleging that the said plaintiff had voluntarily surrendered
and abandoned the possession of said premises pending said
appeal, and denied that the plaintiff had sustained any
damage thereby. They also pleaded *ex industria* that in
the prosecution of said former action the plaintiff therein,
Robert S. Knight, had acted without malice and with
probable cause. They also pleaded certain counterclaims
amounting to $2,510.10, for which they prayed a recovery.
The cause proceeded to trial upon the issues as thus pre-
sented, with the result that a judgment was rendered and
entered in the plaintiff's favor for the sum of $10,449,
against the defendant Henrietta C. Knight, and the action
was dismissed as to Robert S. Knight upon the finding of
the trial court to the effect that in all the matters and pro-
ceedings leading up to and including the eviction of the
plaintiff from the premises in question Robert S. Knight
had acted as the agent of his wife, Henrietta C. Knight,
upon the admitted showing that subsequent to the execution
of the contract of lease between Robert S. Knight and the
plaintiff herein the said Robert S. Knight had conveyed all
his right, title, and interest in the premises to his said
wife. The trial court in its findings and judgment made no
reference to any malice on the part of said Robert S.
Knight against the said plaintiff therein; and it is evident
from the record that the matter of the existence or nonexist-
ence of such malice on the part of said Robert S. Knight
was not at that time an issue in the case.

From the judgment thus rendered an appeal was taken
to the supreme court, which appeal was later transferred
to this court for hearing, and upon said hearing the judg-
ment was affirmed; but upon petition for rehearing the

cause was transferred back to the supreme court, where the judgment of the trial court was, on December 14, 1917, reversed, the supreme court holding upon the record then before it that the mere prosecution to judgment by the landlord of an unlawful detainer action in good faith and without malice for the purpose of obtaining a judicial determination of the question whether he was entitled to possession by reason of some default on the part of the tenant, was not such an act of interference with the beneficial enjoyment by the tenant of the premises, short of actual physical ouster, as "will warrant the latter in abandoning possession and treating the conduct of the landlord as an unlawful eviction, with the right to damage consequent upon being deprived of the remainder of his term." (*Black* v. *Knight,* 176 Cal. 722, [L. R. A. 1918C, 319, 169 Pac. 382].)

Upon the going down of the *remittitur* following this reversal of the judgment the plaintiff in the action, on February 25, 1918, served and filed a second amended complaint, wherefrom the name of the original defendant, Robert S. Knight, was omitted as a party defendant, but wherein and in the body of said second amended complaint said Robert S. Knight was alleged to have been, as to all of the acts and things charged to have been done or omitted by or on behalf of his former codefendant, Henrietta C. Knight, her fully authorized agent and representative; and the said Henrietta C. Knight was therein alleged to be chargeable with full responsibility for her husband's acts and conduct as such agent. The said second amended complaint then proceeded to set forth a series of alleged acts on the part of said Robert S. Knight which were averred to have been done by him with the express and malicious intent of bringing about an ouster or eviction of said plaintiff from said premises, and which led up to the institution of the action for unlawful detainer, which action the plaintiff for the first time alleged was begun and prosecuted in bad faith with actual malice and without probable cause. The defendant in her answer denied that Robert S. Knight was her authorized agent as to many of the acts done by him in relation to the plaintiff's tenancy, and alleged that she was personally ignorant as to many of said acts of said Robert S. Knight which the plaintiff alleged to have been done maliciously and in bad faith; and, on the contrary,

averred that whatever had been done on her behalf in the premises had been done without malice and in good faith; and further averred that in the institution of the said action for unlawful detainer the said Robert S. Knight had acted upon the advice of counsel after a full and fair statement of the facts constituting the plaintiff's alleged breach of the covenants of his said lease. The defendant also repeated the averments of her former answer constituting her counterclaim.

Upon the issues thus made up the cause proceeded to trial, at the conclusion of which the court made its findings of fact in favor of the plaintiff upon the essential averments of his second amended complaint; and as conclusions of law from such findings of fact found that the plaintiff was wrongfully and illegally evicted from the demised premises; that the action of unlawful detainer commenced by Robert S. Knight against his lessee, Henry Black, was not instituted in good faith, but with malice and want of probable cause; that Robert S. Knight was at all times since a date prior to the entry into possession of the demised premises by plaintiff the agent of the defendant, his wife, Henrietta C. Knight; that the damages suffered by plaintiff by reason of said eviction and the costs and expenses incident thereto was the sum of $7,438.90; that the defendant Henrietta C. Knight was entitled to an offset in the sum of $1,891.60 upon her counterclaim. The court accordingly entered its judgment awarding the plaintiff $5,547.30, together with his costs. Said judgment was thus entered on December 18, 1918, and thereafter an appeal was taken and perfected therefrom to the supreme court, and was by said tribunal transferred to this court for hearing and decision.

While the foregoing *résumé* of the history of the relations between these parties and of the several proceedings growing out of such relations has been somewhat extended, the questions presented upon this appeal are few and simple.

By the decision of the supreme court upon the former appeal (*Black* v. *Knight, supra*) it was held that in the absence of a sufficient showing of both malice and want of probable cause on the part of the defendants in the institution and prosecution of the original action in unlawful detainer, this action upon the other facts set forth in this plaintiff's first amended complaint and established at the

first trial thereon would not lie. Upon the consequent reversal of the judgment and the return of the cause to the trial court the plaintiff herein further amended his first amended complaint by the averment of an additional set of facts which he alleged was sufficient to show actual malice, bad faith, and want of probable cause in the institution and prosecution of said action for unlawful detainer, and which he contended at the trial and hearing thereon took the case out of the scope and effect of said former decision, and entitled him to a judgment notwithstanding such decision. The appellant, on the other hand, at said second trial contended, and here contends, that these alleged facts, even if proven, were insufficient to show either malice, bad faith, or want of probable cause on the part of said defendant, and hence insufficient to sustain the findings of fact and conclusions of law of the trial court thereon, and that she is therefore entitled to a reversal of said judgment upon appeal.

From our careful examination of the record herein we are satisfied that the finding and conclusion of the trial court to the effect that Robert S. Knight must be held to have been the agent of his wife, Henrietta C. Knight, in relation to all matters occurring after the date of his conveyance to her of all of his right, title, and interest in the premises in question is sufficiently sustained by the evidence in the case; but having so determined, we are also satisfied from such examination of the record that the several acts and things done or omitted to be done by said Robert S. Knight and imputed to his said wife, the appellant herein, by virtue of such agency and upon which the respondent herein relies as being sufficient to sustain his claim of malice, bad faith, and want of probable cause on the part of said Robert S. Knight, and hence of this defendant, in the institution and prosecution of the aforesaid action in unlawful detainer, and the unlawful eviction of the said plaintiff from the said premises thereby, are wholly insufficient as proof of such malice, bad faith, and want of probable cause on the part of said Robert S. Knight in the institution and prosecution of said action to justify the findings and conclusions of the trial court in that regard.

A brief review of and comment upon the evidence educed by the plaintiff at the trial, and relied upon as supporting

his said contention, will serve to show the basis of our said conclusion.

The relation between the parties to the original lease of the premises out of the plaintiff's occupancy of which the various controversies between the parties arose was entirely amicable at the inception of the transaction between them and continued so to be down to a time subsequent to the plaintiff's occupancy of said premises. [1] This amicable relation was in nowise affected by the fact that the lessor of that portion of the premises to be used by the plaintiff herein as an apartment house had prior to the latter's occupancy of the same leased the basement of the building to a firm of carpenters. He had a right so to do, and his act in doing so, and the consequences of said act in the later disturbance of the subtenant of the lessee, could not be attributable to or furnish any proof of ill will on the part of Robert S. Knight toward his said lessee, since there is not the slightest evidence to show that at the time of the letting and use of said basement as aforesaid the former was in anywise dissatisfied with his tenant or with the terms of his said lease; and if it be claimed that the tardy action of Robert S. Knight in failing or refusing to attend to and remedy the matters of which the plaintiff's subtenant complained, namely, the noises arising from the carpenter-shop, shows a state of dissatisfaction and ill will toward his lessee, this claim is self-destructive, since the undisputed evidence discloses that the said lessor did finally undertake to remedy the nuisance complained of, and did thereby show that he was not willfully or maliciously maintaining the same for the purpose of injuring his said tenant or causing his abandonment of his said lease. The earliest possible point of time at which the plaintiff herein can claim that Robert S. Knight is to be chargeable with dissatisfaction with the terms of his said lease, or with any ill will toward the plaintiff as a result thereof, is the date when said Robert S. Knight first learned that the plaintiff, as his tenant, had made a sublease of the premises to Ida Quinn at a monthly rental much in excess of that which was receivable by said Knight under his original lease. [2] It was not the fact of the subleasing which can be claimed to have caused such dissatisfaction since said Knight had expressly consented to the making of said plaintiff's contract for such sublease with

said Ida Quinn; but it was the fact of the increased rental derived from said sublease which is claimed to have sown the seeds of ill will in the breast of said Knight; yet the evidence of such sowing consists altogether in the fact that when the latter learned of the plaintiff's apparently advantageous contract with said Ida Quinn he one day suggested to the plaintiff that "You ought to divide the profits with me." The above quotation constitutes the entire conversation; and it goes almost without saying that it is a thread of evidence entirely too attenuated to furnish sufficient strength, either alone or in conjunction with any other facts upon which the plaintiff could rely to support a charge of malice on the part of Robert S. Knight against his tenant, or to supply a reason based on ill will for the institution of a wrongful action in unlawful detainer against him. The plaintiff himself says in respect to such conversation, "I paid no attention to it; I didn't give it any thought. I thought it was rather peculiar for him to mention it, and I gave him no answer."

[3] The next bit of evidence upon which the plaintiff depends to sustain his claim of malice on the part of said Knight is the fact that said Knight at one time made overtures to the plaintiff's subtenant, Ida Quinn, to take a direct lease from him to said premises at the rental agreed to be paid by her under her contract for a lease from the plaintiff. Had such overtures been made at a time *prior* to the institution of the action in unlawful detainer against the plaintiff by Robert S. Knight it might well have furnished some tangible proof of a malicious and wrongful intent in the institution of such action; but the uncontradicted evidence of Ida Quinn herself shows that the only conversation between Robert S. Knight and herself upon this subject occurred *after* the commencement of this action, and hence by no possibility could have supplied a motive for the institution of the same; besides, at all times both before and after such action was begun against the plaintiff, Ida Quinn was complaining of the nuisance of the noises of the carpenter-shop, and was refusing to consummate her agreement for a lease with the plaintiff or to pay him any more rent, and was thus in the attitude of a quite undesirable occupant of the premises. It is hardly conceivable that Robert S. Knight should have been moved to such malice by

anything occurring between himself and his tenant's rather undesirable subtenant as to have been led thereby to conceive and commence a causeless proceeding in unlawful detainer for the plaintiff's ouster, particularly in view of the fact that the latter was tendering and paying his stipulated rent with scrupulous promptitude while his own subtenant was paying him no rent at all. If the conversation which Robert S. Knight is shown to have had with Ida Quinn with respect to the prospect of her immediate tenancy under him occurred *after* the commencement of the action in unlawful detainer it would of itself not only have furnished no evidence of a prior malice in the institution of said action, but would rather supply some degree of evidence in support of the good faith of Robert S. Knight in the commencement and prosecution of said action, since it would serve to indicate that he, at the time of such overtures, believed that his said suit was well founded and would result in his favor, and that he would presently be in a position to relet his premises to another tenant.

The foregoing constitutes practically all of the evidence outside of the institution of the action in unlawful detainer itself upon which the plaintiff can rely to sustain his averments of malice on the part of said Robert S. Knight imputable to the defendant herein and to justify the findings and conclusions of the trial court based thereon.

[4] As to the action itself as furnishing proof of such malice it may be stated at the outset that out of the commencement and prosecution of a causeless action by one person against another the presumption of malice may arise from proof of the fact of a want of probable cause for the institution of such action. Without the element, however, of want of probable cause the existence of malice in the mind and purpose of the instigator of such action can be of no avail to a defendant therein who, after its termination by dismissal or otherwise, himself institutes an action for malicious prosecution against the plaintiff in the former action. In other words, both the elements of malice and want of probable cause must concur in order to form the basis of such latter suit. This proposition is so elementary as not to require the citation of authority in its support. This being so, the plaintiff herein must first have been able to establish by proof or presumption that his landlord, the

plaintiff in said former action, acted without probable cause in the institution thereof. [5] "Probable cause" for the institution of an action does not mean "legal cause" therefor, for if it did, every plaintiff who failed to recover in his suit would be liable to an action for malicious prosecution. "Probable cause" has sometimes been defined as reasonable cause (*McCall* v. *Alexander,* 84 S. C. 187, [65 S. E. 1021]); and in the case of both civil and criminal prosecutions has been further defined to be an honest suspicion or belief on the part of the instigator thereof, founded upon facts sufficiently strong to warrant a reasonable man in believing that the charge is true. (*Johnson* v. *Southern Pacific Co.,* 157 Cal. 333, [107 Pac. 611]; *Smith* v. *Liverpool Ins. Co.,* 107 Cal. 432, [40 Pac. 540]; *Dunlap* v. *New Zealand Fire Ins. Co.,* 109 Cal. 365, [42 Pac. 29]; *Carpenter* v. *Ashley,* 15 Cal. App. 461, [115 Pac. 268]; *Redgate* v. *Southern Pacific Co.,* 24 Cal. App. 573, [141 Pac. 1191].) In determining the question as to whether or not the plaintiff or prosecutor in a given action acted with such reasonable belief, knowledge, and prudence in the institution thereof as to absolve him from the charge of want of probable cause there are two main facts, the existence of which, if proven, are held to be sufficient to establish probable cause. The first of these is the fact, if shown to be true, that the plaintiff or prosecutor of such action acted in the institution of the same upon the opinion and advice of counsel to the effect that he had a good cause of action after laying all of the facts of the case in good faith before such counsel; and the second of these facts, if proven, is the fact that the plaintiff succeeded in obtaining a judgment in his favor upon his alleged cause of action in the trial court.

[6] As to the first of these essential facts the uncontradicted evidence in this case discloses that before the said Robert S. Knight began his action in unlawful detainer against the plaintiff herein he laid all of the facts upon which he relied for a recovery in said action before his attorney. There is not the slightest evidence that he did not do this fully and in the utmost good faith; and the undisputed evidence shows that having done so he was advised by his said counsel that he had a good cause of action. Thereupon and acting upon such advice, and with the aid and counsel of his said attorney, he commenced his action in

44 Cal. App.—49

unlawful detainer. This undisputed evidence has been held
to establish probable cause (*Johnson* v. *Southern Pacific Co.,
supra*).

[7] The record herein also undisputably shows that the
said Robert S. Knight recovered a judgment in his favor
upon the trial of said action. This proven fact entitled him
upon the trial of the instant case to the full benefit of
the presumption of the existence of probable cause for the
institution of his said former action; and the fact that a
first judgment obtained therein was reversed upon appeal
did not suffice to deprive him of the full benefit of that
presumption. (*Carpenter* v. *Sibley*, 15 Cal. App. 589, [119
Pac. 391]; *Holiday* v. *Holiday*, 123 Cal. 26, [55 Pac. 703].)
The cases last above cited not only fully sustain the view
that the plaintiff in the action for unlawful detainer was
entitled to the presumption of probable cause for its insti-
tution by virtue of the judgment in his favor in the trial
court therein, but they go further than this and hold that
this presumption is, in the absence of proof of fraud in
obtaining said judgment, conclusive. There is an entire ab-
sence of evidence in this case of any fraud on the part of
the plaintiff in said former action in obtaining the judgment
in his favor therein in the trial court.

The respondent, however, seeks to avoid the effect of these
decisions by the claim that each of said cases had its incep-
tion in a criminal prosecution, and that the rule therein an-
nounced as to the conclusiveness of a judgment is not to be
applied to civil actions. We are unable to perceive any reason
for such a distinction, and counsel for the respondent
has cited no authority for making or supporting such a dis-
tinction. [8] The cases cited and relied upon by the re-
spondent to uphold his claim that the presumption arising
from a judgment in plaintiff's favor in the original action
is but a *prima facie* presumption which may be overthrown
by showing a reversal of such judgment and a subsequent
dismissal of the case are from other jurisdictions, and can-
not be held to outweigh the above cases from our own
courts; but even if it were to be held that such presumption
was but *prima facie* and could be overcome by the volun-
tary dismissal of the case after its reversal on appeal, we
are still unable to agree with the respondent's contention that
it would be overcome under such circumstances as the un-

disputed proof in the instant case discloses; for in the case at bar the record shows that the decision of this court in the original action of *Knight* v. *Black, supra,* upheld upon petition for rehearing in the supreme court, was such as to render impossible the further successful prosecution of the cause on the part of the plaintiff in the trial court, and hence to make its dismissal therein imperative. Under such conditions the plaintiff's dismissal of a cause which, under the rulings of the courts of last resort, he could no longer maintain cannot be held to be such a voluntary abandonment of his case as to give rise to the presumption of such want of probable cause in its inception as would either suffice to show malice or to overthrow the presumption as to the existence of probable cause which was raised by the original judgment in his favor.

It follows as our conclusion from the foregoing considerations that the judgment must be reversed, and it is so ordered.

Judgment reversed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1920.

All the Justices concurred, except Olney, J., who did not participate.