[S. F. No. 11991. Department Two.—January 24, 1928.]

MARY ROOS, Appellant, v. J. C. HARRIS et al., Respondents.

George W. Smith and Ralph H. Smith for Appellant.

James A. Hall and Wyckoff & Gardner for Respondents.

RICHARDS, J.—■ This appeal is from a judgment in favor of the defendants made and entered in the superior court in and for the county of Santa Cruz after the granting of a motion made by the defendants for a judgment on the pleadings, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. This action was one for malicious prosecution, the complaint alleging that the defendants caused to be instituted against the plaintiff a criminal proceeding for petit larceny, by reason of which the plaintiff was arrested, tried, found guilty, and sentenced to imprisonment for six months. The complaint further alleges that the acts of the defendants in that regard were malicious and without reasonable or probable cause and that the conviction of the plaintiff was obtained by means of conspiracy on the part of the defendants and by means of false testimony given by the defendants in said criminal proceeding. It is nowhere alleged in the complaint that the judgment of conviction was either appealed from or reversed upon appeal. We cannot agree with the contention of the plaintiff and appellant herein that a complaint containing the foregoing averments sufficiently states a cause

of action for malicious prosecution. The vice of the plaintiff's contention in that regard consists in her failure to aver that the proceedings in the criminal action taken against her by the defendants had terminated in her favor. On the contrary, it sufficiently appears that said proceedings resulted in her conviction and that such judgment of conviction had become final prior to the institution of the present action. We are pointed to no authority by the appellant, and we are satisfied that none such exists, wherein a civil action for malicious prosecution has ever been sustained when the plaintiff, as a result of such prosecution, has been convicted and when the judgment of conviction has either been sustained upon appeal or has become final by reason of the absence of an appeal. When such judgment has thus become final it is conclusive upon the question of probable cause for the arrest, prosecution, and conviction of the defendant in the absence of a direct and successful attack thereon based upon extrinsic fraud in its procurement. The assault which the plaintiff and appellant therein makes upon said judgment is collateral and is predicated upon averments of intrinsic fraud. The finality of said judgment having foreclosed any and every assault thereon by the person adjudged guilty thereunder (*People* v. *Mooney*, 178 Cal. 525 [174 Pac. 325]), in the proceeding which resulted in such judgment, on the ground of intrinsic fraud, we are unable to perceive how the conclusive presumption arising therefrom could be assailable by the person convicted thereunder, or by anyone else, in a collateral proceeding upon the same ground. The cases of *Holliday* v. *Holliday*, 123 Cal. 26 [55 Pac. 703], *Carpenter* v. *Sibley*, 153 Cal. 215 [126 Am. St. Rep. 77, 15 Ann. Cas. 484, 15 L. R. A. (N. S.) 1143, 94 Pac. 879], and *Black* v. *Knight*, 44 Cal. App. 770 [187 Pac. 89], do not support her contention, since in each of said causes the judgment had been reversed or the suit dismissed before the commencement of the action for malicious prosecution. We are satisfied that the complaint of the plaintiff and appellant herein, in the absence of a like essential averment, failed to state a cause of action.

The judgment is affirmed.

Shenk, J., and Langdon, J., concurred.