[Civ. No. 7964.   First Appellate District, Division One.—February 8, 1932.]

C. D. PLUM, Appellant, v. LAVERNE BECKET et al., Respondents.

C. D. Plum, *in pro. per.*, for Appellant.

Joseph G. DeForest for Respondents.

KNIGHT, J.—Plaintiff brought this action in the city and county of San Francisco to recover damages for an alleged malicious prosecution, which it is claimed took place in Plumas County, it being charged in the complaint that the defendant S. C. Young as district attorney of said county and the defendant Laverne Becket conspired to and

did maliciously prosecute plaintiff and bring about his conviction before a jury in a justice's court, upon an unfounded misdemeanor charge, to wit: "discharging an employee without paying his wages, with intent to hinder, harass and defraud such employee; in violation of Chapter #202, Statutes 1919". The American Surety Company of New York, the surety on the district attorney's official bond, being joined as a party defendant, appeared separately in the action by filing an answer and thereupon moved the court for judgment on the pleadings. The motion was granted and judgment entered accordingly, from which plaintiff has taken this appeal.

█ It has been held uniformly in this state that an action for malicious prosecution may not be maintained unless it appears that the proceedings alleged to have been prosecuted maliciously and without probable cause have been terminated in favor of the party alleged to be injured by them (*Roos* v. *Harris,* 203 Cal. 201 [263 Pac. 225]; *Carpenter* v. *Nutter,* 127 Cal. 61 [59 Pac. 301]; *Monk* v. *Ehret,* 192 Cal. 186 [219 Pac. 452]; *Fetterly* v. *Gibson,* 210 Cal. 282 [291 Pac. 411]; 16 Cal. Jur. 734); and in the present case it does not so appear. █ On the contrary the affirmative allegations of the complaint show that the jury before which he was tried found him guilty as charged; that thereupon he was "sentenced to serve two months in the county jail . . . "; and that no appeal from the judgment was ever perfected. In its essential facts, therefore, the case is identical with *Roos* v. *Harris, supra.* There, as here, it was alleged that the acts of the defendants were malicious and without reasonable or probable cause, and that the conviction of plaintiff was obtained by means of conspiracy on the part of defendants and by means of false testimony given by them; but nowhere in the complaint was it alleged that the judgment of conviction was either appealed from or reversed on appeal. For that reason it was held that the complaint did not state a cause of action, and that consequently the trial court was warranted in giving judgment on the pleadings, the court saying: "We cannot agree with the contention of the plaintiff and appellant herein that a complaint containing the foregoing averments sufficiently states a cause of action for malicious prosecution. The vice of the plaintiff's conten-

tion in that regard consists in her failure to aver that the proceedings in the criminal action taken against her by the defendants had terminated in her favor. On the contrary, it sufficiently appears that said proceedings resulted in her conviction and that such judgment of conviction had become final prior to the institution of the present action.'' It is evident, therefore, that under the authority of that case and the law as declared in the other cases above cited, the trial court herein was justified in granting defendant's motion for judgment on the pleadings.

The complaint further alleged, however, that following the abandonment of the appeal in the criminal action ''said justice of the peace on or about the 13th day of August, 1928, ordered that his judgment and jail sentence be vacated and set aside and said prosecution was thereby wholly terminated and ended''; and plaintiff contends that the foregoing allegation was sufficient to show that the criminal action finally terminated in his favor. We are unable to sustain this contention. Under sections 1449, 1450, 1451 and 1452 of the Penal Code, a justice of the peace, at any time before the pronouncement of the judgment of sentence, may arrest the judgment or grant a new trial. But in the present case he did neither. As stated, he pronounced judgment by imposing a jail sentence. And conceding that said justice retained the right to suspend or vacate the sentence at any time before executing the same (*Lloyd* v. *Superior Court*, 208 Cal. 622 [283 Pac. 931]), he was without power, after pronouncing judgment of sentence, to vacate or set aside the conviction on the merits, the latter being entirely separate and distinct from the former. As pointed out in Corpus Juris (vol. 16, pp. 1266, 1267), the conviction on the merits relates to a plea or verdict of guilty, either of which ascertains and publishes the fact of guilt; while the pronouncement of the judgment of sentence denotes the action of the court in declaring the consequences of the fact thus ascertained. In other words the sentence is no part of the conviction, but is based thereon. And that being so, it follows in the present case that the action of the justice of the peace in setting aside and vacating ''his judgment and jail sentence'' did not have the effect of disturbing the conviction on the merits.

Plaintiff further contends that in any event the fact of a final conviction is only *prima facie* evidence of probable cause, and that therefore, despite such fact, an action for malicious prosecution may be maintained if it be alleged and proved that such conviction was obtained by fraud, perjury or subornation of perjury, or other unfair conduct on the part of the defendant, citing in support of the contention several California cases and a number from other jurisdictions. This point is disposed of adversely to plaintiff's contention by the decision in *Roos* v. *Harris, supra,* wherein the principal California cases relied upon by plaintiff are referred to and differentiated. In this regard the court says: "We are pointed to no authority by the appellant, and we are satisfied that none such exists, wherein a civil action for malicious prosecution has ever been sustained when the plaintiff, as a result of such prosecution, has been convicted and when the judgment of conviction has either been sustained upon appeal or has become final by reason of the absence of an appeal. When such judgment has thus become final it is conclusive upon the question of probable cause for the arrest, prosecution, and conviction of the defendant in the absence of a direct and successful attack thereon based upon extrinsic fraud in its procurement. The assault which the plaintiff and appellant therein makes upon said judgment is collateral and is predicated upon averments of intrinsic fraud. The finality of said judgment having foreclosed any and every assault thereon by the person adjudged guilty thereunder (*People* v. *Mooney,* 178 Cal. 525 [174 Pac. 325]), in the proceeding which resulted in such judgment, on the ground of intrinsic fraud, we are unable to perceive how the conclusive presumption arising therefrom could be assailable by the person convicted thereunder, or by anyone else, in a collateral proceeding upon the same ground. The cases of *Holliday* v. *Holliday,* 123 Cal. 26 [55 Pac. 703], *Carpenter* v. *Sibley,* 153 Cal. 215 [126 Am. St. Rep. 77, 15 Ann. Cas. 484, 15 L. R. A. (N. S.) 1143, 94 Pac. 879], and *Black* v. *Knight,* 44 Cal. App. 770 [187 Pac. 89], do not support her contention, *since in each of said causes the judgment had been reversed or the suit dismissed before the commencement of the action for malicious prosecution.*" (Italics ours.) In view of the definite position taken upon this question by

the Supreme Court of this state, it becomes unnecessary to inquire into the effect of the decisions of other jurisdictions.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 9, 1932.