[Civ. No. 1694. Fourth Appellate District.—January 7, 1938.]

THOMAS M. CARAKER, Appellant, v. G. M. WEBSTER et al., Respondents.

P. E. Bingman for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondents.

JENNINGS, J.—The appeal herein has been taken by the plaintiff from a judgment which was rendered in favor of the defendants after a general demurrer to plaintiff's fourth amended complaint had been sustained. The order sustaining the demurrer expressly granted permission to plaintiff to amend his complaint within a period of ten days. Plaintiff did not, however, avail himself of the privilege accorded him but elected to stand on his complaint and gave notice

of appeal from the judgment entered against him subsequent to the expiration of the ten-day period.

The fourth amended complaint contains two paragraphs exclusive of the prayer. The second paragraph contains an allegation of damages sustained by plaintiff as a result of the matters set out in the first paragraph and is unimportant on this appeal. The cause of action attempted to be pleaded is contained in the first paragraph which is in the following language:

"That on or about the 6th day of July, 1935, the said defendants contriving and maliciously intending to injure the said plaintiff in his good name and reputation, and to cause him to be cited before the Civil Service Commission of the State of California under a charge of insubordination; that same was falsely and maliciously and without any reason or probable cause therefor caused plaintiff to be charged as above, before said Commission and falsely and maliciously and without probable cause therefor, caused plaintiff to be discharged from his position as hog ranch operator of the Patton State Hospital."

It is apparent from the above-quoted language that the pleader has attempted to allege a cause of action for malicious prosecution and that the basis therefor is that the defendants maliciously, falsely, and without probable cause charged plaintiff with insubordination in a complaint filed with the state civil service commission as a result of which plaintiff was discharged from his position as hog ranch operator of the Patton State Hospital.

It is obvious, therefore, that the complaint shows on its face that the proceedings which form the foundation of his cause of action and which he alleges were instituted by defendants maliciously and without probable cause terminated adversely to him. The instant action then amounts to a collateral attack on the order apparently made by the civil service commission ousting plaintiff from his position. The pleading is barren of any allegation of extrinsic fraud which was employed in procuring the order of discharge. In the absence of direct attack upon the order grounded on extrinsic fraud in its procurement it must be presumed that the charges allegedly made by defendants were true and that the order of discharge was proper. (*Roos* v. *Harris,* 203 Cal. 201 [263 Pac. 225]; *Fetterley* v. *Gibson,* 210 Cal. 282

[291 Pac. 411]; *Plum* v. *Becket,* 120 Cal. App. 507 [7 Pac. (2d) 1111].) It follows therefrom that the order sustaining the demurrer to the fourth amended complaint was correct.

The judgment from which this appeal has been taken is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 2, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 7, 1938.