[Civ. No. 12020. Second Appellate District, Division Two.—January 24, 1939.]

M. G. NORTON, Appellant, v. THE JOHN M. C. MARBLE COMPANY (a Corporation) et al., Respondents.

M. G. Norton, *in pro. per.,* for Appellant.

Henry O. Wackerbarth, *in pro. per.,* Overton, Lyman & Plumb, Cecil A. Borden and Chalmers L. McGaughey for Respondents.

CRAIL, P. J.—This is an appeal from a judgment of dismissal in an action for the recovery of damages for malicious prosecution after the sustaining of the defendants' demurrers to the complaint without leave to amend, and from an order

denying the plaintiff's motion to set aside the order sustaining the demurrers.

The demurrers were sustained on the ground that the plaintiff having alleged in his complaint that he was convicted before the municipal court, there was no allegation that said conviction was obtained by fraud, and therefore the complaint conclusively showed probable cause for the prosecution.

The complaint is sufficient in all respects, unless it fails to contain said allegations. Plaintiff contends said allegations are not necessary.

The plaintiff was the attorney for certain parties in the municipal court in an action which he lost, and thereupon he set out and presented a proposed bill of exceptions. Defendants filed proposed amendments thereto and the plaintiff filed objections and reservations and an affidavit in support thereof containing certain allegations against the municipal judge, which the defendants in this action thereupon in an affidavit alleged to be in contempt of court and got out an order to show cause returnable before the court for the punishment for contempt of the plaintiff herein. The complaint herein alleges the above and proceeds to allege the trial of the contempt proceedings and the plaintiff's conviction at the conclusion of said trial. It further alleges the discharge of the defendant by means of certain *habeas corpus* proceedings brought before the appellate department of the superior court upon the record in the contempt proceedings.

The portion of the complaint setting forth how the judgment was obtained in the municipal court against the plaintiff is as follows: "That the procurement by the above named defendants of the order to show cause requiring plaintiff to appear and answer an alleged affidavit charging an alleged contempt of court, as hereinbefore fully set forth and described, and the *conviction of the plaintiff by the said Municipal Court* of the city of Los Angeles, in Division 19 thereof, Hon. Hugh J. Crawford, judge presiding therein, as also hereinbefore set forth and described, and the causing of plaintiff's imprisonment, restraint of his liberty, and abuse while in custody, by the defendants, was without probable cause, and the said acts of said defendants were committed by said defendants purposely, maliciously, premeditatedly, wickedly, and with studied care and protracted deliberation, and with the intent on the part of said defendants purposely, mali-

ciously, premeditatedly, wickedly, and without probable cause to harass, annoy and injure the plaintiff" etc.

The complaint contains no allegation that the conviction in said contempt proceedings of the plaintiff herein was procured by fraud.

"Actions for malicious prosecution have never been favored in the law. The interests of society demand that private wrongs be redressed and crimes brought to light, and, to that end, that whoever believes on reasonable grounds that a civil wrong has been done or a crime committed may institute appropriate legal proceedings without danger." (16 Cal. Jur. 737.) ▮ It has become a rule of law in this state that a final judgment duly rendered after trial on the merits, in a court having complete jurisdiction, adverse to the defendant in the proceedings in which the judgment is rendered, is, unless procured by fraud which may be either extrinsic or intrinsic, conclusive proof that the proceedings were prosecuted with probable cause, notwithstanding the fact that the judgment is reversed on appeal. (*Carpenter* v. *Sibley,* 153 Cal. 215 [94 Pac. 879, 126 Am. St. Rep. 77, 15 Ann. Cas. 484, 15 L. R. A. (N. S.) 1143]; *Holliday* v. *Holliday,* 123 Cal. 26 [55 Pac. 703].)

In the case of *Carpenter* v. *Sibley, supra,* the court said: "They urge further that probable cause is shown by a judgment of conviction, even though that judgment be afterwards reversed, and there is authority of much weight supporting this contention. (*Root* v. *Rose,* 6 N. D. 575 [72 N. W. 1022, 1023]; *Nehr* v. *Dobbs,* 47 Neb. 863, 867 [66 N. W. 864].) Respondents next contend that the complaint itself shows plaintiff's conviction and thereby conclusively establishes, against his pleading, the presence of probable cause for his prosecution. Respondents recognize that the general principle that the conviction establishes probable cause is subject to the modification that the judgment of conviction has not been procured by fraud at the instance or instigation of the defendants. Such, of course, is the established rule. (*Holliday* v. *Holliday,* 123 Cal. 26 [55 Pac. 703]; *Crescent Live Stock Co.* v. *Butchers' Union,* 120 U. S. 141 [7 Sup. Ct. 472, 30 L. Ed. 614].)"

In *Holliday* v. *Holliday, supra,* the court said: " . . . when a person is charged before a competent court having jurisdiction of the matter, and is tried and found guilty, the judg-

ment rendered, unless it is shown to have been obtained by means of fraud, is conclusive evidence of probable cause for making the charge, even though it is afterward held to be unauthorized and reversed on appeal.''

The rule as above stated has been followed by our appellate courts (*Black* v. *Knight,* 44 Cal. App. 756, 770 [187 Pac. 89]) and referred to in *Plum* v. *Becket,* 120 Cal. App. 507, 511 [263 Pac. 225], *Roos* v. *Harris,* 203 Cal. 201, 202 [263 Pac. 225], and *Bullock* v. *Morrison,* 118 Cal. App. 112, 114 [4 Pac. (2d) 812].

The fraud relied upon to overcome the presumption of probable cause arising from the conviction of the complaining party need not be extrinsic fraud such as would support an action for the setting aside of the judgment itself, but the fraud may be intrinsic. In *Carpenter* v. *Sibley, supra,* this idea is expressed as follows: ''So we find it laid down that the general rule now is, 'that if the declaration or complaint shows a conviction of the plaintiff, yet if it be averred that the conviction was procured by fraud, perjury or subornation of perjury, or other unfair conduct on the part of the defendant, the presumption of probable cause is effectually rebutted.' '' Also it is apparent that the ''other unfair conduct on the part of the defendant'' must amount to fraud.

The bare allegation of want of probable cause contained in the complaint is not a sufficient allegation where a conviction before the trial court is admitted in the complaint. Averments of conspiracy and of the knowledge of the falsity of the charge and the sprinkling of the complaint with vituperative epithets such as ''premeditatedly, wickedly, and with studied care and protracted deliberation'' are not allegations of fraud. (*White* v. *Brinkman,* 23 Cal. App. (2d) 307, 313 [73 Pac. (2d) 254].) The facts constituting the fraud must be set forth. Under the circumstances the complaint herein showed on its face probable cause, and therefore the demurrers were properly sustained.

On the same day on which the plaintiff herein filed this action for malicious prosecution he filed a second action against these and other defendants in which he alleged that he was maliciously prosecuted in a criminal action for practicing law without a license. On the same day that the court sustained the demurrers in the instant action, it overruled demurrers of the same defendants in the second action, and

the plaintiff argues that this ruling in that action, numbered 404286 in the trial court, and numbered 12021, in this court, was contrary to the ruling of the same judge in the instant case, and that it is *res judicata*. The action in number 404286 in the superior court was based upon a criminal proceeding instituted by the city attorney of the city of Los Angeles against the plaintiff, in which the plaintiff was tried for practicing law without a license. He was acquitted of this charge in the trial court. In that case there was no prior conviction. Hence the trial court in passing upon the demurrers held that a cause of action had been stated in that case and overruled the demurrers, but this ruling in no way affects the question which is before us on this appeal.

The plaintiff's next contention is that, "A conviction below followed by an acquittal on appeal does not establish the guilt of the person so convicted. So far from that being the fact, the contrary is the established law of *res judicata*. . . . An acquittal above establishes the innocence, not the guilt, of the prisoner." This contention of the plaintiff and the authorities upon which he relies are beside the point. We are not discussing the law of *res judicata*, but the law of probable cause in a malicious prosecution.

Finally, the plaintiff complains that the trial court erred in refusing to give the plaintiff an opportunity to amend his complaint, and in this connection he contends that it is the statutory right of any pleader, authorized by section 472 of the Code of Civil Procedure, to amend once as a matter of course. A mere reading of the section makes this contention untenable. The section reads: "Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or entered in the docket, or after demurrer and before trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, who may have ten days thereafter in which to answer or demur to the amended pleading; . . ." There had been a trial upon the issue of law involved upon the demurrer before the plaintiff sought opportunity to amend his complaint.

An examination of the plaintiff's petition to set aside the order sustaining demurrers, etc., discloses that plaintiff made no offer to allege that the conviction in the contempt proceedings before Judge Crawford was obtained by fraud,

either extrinsic or intrinsic, and since the allegations contained in this petition would not have supplied the deficiency which existed in the complaint, the trial court properly refused to permit further amendment. (*Brick* v. *Cazaux,* 9 Cal. (2d) 549, 556 [71 Pac. (2d) 588] ; *Stewart* v. *Douglass,* 148 Cal. 511 [83 Pac. 699] ; *Pollard* v. *Forest Lawn M. P. Assn.,* 15 Cal. App. (2d) 77 [59 Pac. (2d) 203].)

Even on appeal the plaintiff does not contend that he could make the necessary allegations. His contention is, as shown on the bottom of page 23 of plaintiff's brief, that said allegations are not necessary.

The judgment and order are affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 20, 1939.