[Civ. No. 12946.   Second Dist., Div. One.   Apr. 6, 1942.]

AUDREY D. ALEXANDER, Appellant, v. EZRA S. SCATTERGOOD et al., Respondents.

R. R. Sleeper for Appellant.

Nicholas & Davis for Respondents.

WHITE, J.—This appeal is prosecuted by plaintiff from a judgment of dismissal predicated upon an order sustaining a demurrer to the complaint without leave to amend. Upon the occasion of entering the minute order sustaining the demurrer without leave to amend, the court directed that the signing and filing of a formal judgment be withheld for a period of ten days to afford plaintiff an opportunity to make application to file an amended complaint. When within the specified time no application, motion or request for leave to amend the complaint was made or filed, the court directed the entry of the formal judgment aforesaid.

The complaint, after alleging the corporate status of the city of Los Angeles, set forth that the department of water

and power is a department of the city government established in accordance with the city charter. It then alleged that on or about October 23, 1929, the plaintiff, after a competitive civil service examination, was found qualified and placed on the eligible list for employment as a stenographer; that on or about March 3, 1930, plaintiff was, in accordance with the charter of the city of Los Angeles and the rules and regulations of the departments of water and power and civil service, selected and employed as a senior stenographer, in which capacity she continued to be regularly and continuously employed until September 9, 1937. The complaint alleged that at all times during the period of her employment plaintiff "pursued the duties of her said position in a careful, prudent and efficient manner"; that at the commencement of her employment she received a salary of $125 per month, and that subsequently the amount of such salary was increased to $140 per month, which latter amount was being paid her on September 9, 1937. It was alleged in the complaint that the defendant Ezra F. Scattergood was at all times employed by the department of water and power of said city as the general manager of the bureau of power and light, and that the defendant Lydia Jean Morgan was at all times mentioned in the complaint a senior stenographer of the same grade and classification under civil service rules as was the plaintiff. It was then alleged that while plaintiff was employed as above set forth, the defendants, "with false and untrue accusations against the plaintiff and with threats to discharge her and false allegations that she was 'spying' upon other employees, and by employment of 'stool pigeons' to seek out petty tales against the plaintiff and refusals to investigate the truth or falsity of such petty tales and accusations, sought to harass and oppress the plaintiff, and wrongfully, unlawfully, maliciously, with wanton disregard of the rights of the plaintiff, and solely for personal reasons and in consummation of such trickery, intrigue, and vindictiveness, discharged the plaintiff and removed her from her said position. . . ." Judgment was sought for the sum plaintiff would have received from the time of her discharge up to the date of the commencement of this action, in the sum of $4,168, and for exemplary damages in the sum of $20,000.

This action is founded upon section 1708 of the Civil Code, which prohibits any person from injuring the per-

son or property of another or from infringing upon any of his rights. Assuming the correctness of plaintiff's contention that one who maliciously and without justifiable cause induces an employer to discharge an employee is liable in an action of tort to the employee for the damages thereby sustained (Civ. Code, sec. 1708; Cooley on Torts, 1932 ed., vol. II, sec. 226, ch. 9), we are of the opinion that the complaint herein, as framed, does not state a cause of action under the announced theory.

Plaintiff was a classified civil service employee of the city of Los Angeles, whose employment and dismissal therefrom are governed by the provisions of the city charter. With reference to employment and discharge in the department of water and power, subdivision 2 of section 80 of the charter empowers the general manager (which was the position held by the defendant Scattergood) "to appoint, discharge, suspend, or transfer the employees of the department, other than the secretary of the board and the chief accounting employee of the department, and to issue instructions to said employees, other than the secretary and the chief accounting employee, in the line of their duties, *all subject to the Civil Service provisions of the charter; . . .*" Section 112a of the charter authorizes any board or officer having the power of appointment of officers, members and employees in any department of the government of the city to remove, discharge or suspend such employee, but provides that such discharge of any classified civil service employee shall be made only for cause; that such cause shall be stated in writing by the board or officer having the power to effect such removal and filed with the board of civil service commissioners with a certificate that a copy of such statement has been served upon the discharged employee. While the discharge of the employee takes place upon such filing, nevertheless within fifteen days after such statement shall have been filed, the board of civil service commissioners is empowered upon its own motion, or upon written application of the discharged employee, must, proceed to investigate the grounds for such discharge. The board is authorized, after making such investigation, if it finds that the grounds of discharge were insufficient or not sustained and that the person is a fit and suitable person to fill the position from which he was removed, to order such employee's reinstatement or restoration to duty. The order of the civil service

commission affirming or revoking the discharge of an employee is by the charter declared to be final and conclusive. The charter further provides that in the event the board of civil service commissioners makes an order as aforesaid of restoration, the discharged employee is entitled to receive compensation from the city the same as if he had not been removed or discharged by the appointing board or officer.

In view of the fact that the complaint contains no allegation to the contrary, we must presume that official duty was regularly performed in connection with the discharge of plaintiff (Code Civ. Proc., sec. 1963, subd. 15), and that the law was observed. (Code Civ. Proc., sec. 1963, subd. 33; *Hauser* v. *Pacific G. & E. Co.*, 133 Cal. App. 222 [23 P. (2d) 1068].) It must therefore be assumed that at the time her employment with the city was severed plaintiff was served with a notice in writing of her discharge; that such notice, with a certificate of service upon her, was filed with the board of civil service commissioners; that if the plaintiff filed with said board a written application within five days after service upon her of the statement of the ground of her discharge, that the board of civil service commissioners, pursuant to the provisions of the charter, proceeded within fifteen days to investigate and did investigate the same, and determined that the grounds stated for such discharge were sufficient. There is no direct attack made upon the order of discharge herein grounded upon extrinsic fraud in its procurement, and therefore the presumption arises that the charges allegedly made by respondents against the plaintiff were true, and that the order discharging her was determined by the duly constituted authorities to be just and proper. (*Caraker* v. *Webster*, 24 Cal. App. (2d) 300 [74 P. (2d) 1048]; *Roos* v. *Harris*, 203 Cal. 201 [263 Pac. 225]; *Fetterley* v. *Gibson*, 210 Cal. 282 [291 Pac. 411]; *Plum* v. *Becket*, 120 Cal. App. 507 [7 P. (2d) 1111].) Of necessity it follows that if the charges contained in the order of her discharge were true and that the procedure provided by the charter for bringing about her discharge were adhered to, resulting in an ultimate finding that plaintiff was discharged for cause, then defendants cannot be held liable in damages therefor.

In view of the fact that plaintiff's cause of action arises upon a right derived solely from the charter of the city of

Los Angeles, her complaint must allege compliance with the requirements of the charter in order to state such a cause of action. (*Kline* v. *San Francisco U. School Dist.*, 40 Cal. App. (2d) 174 [104 P. (2d) 661, 105 P. (2d) 362]; *Green* v. *Grimes-Stassforth S. Co.*, 39 Cal. App. (2d) 52 [102 P. (2d) 452]; *Watts* v. *Currie*, 38 Cal. App. (2d) 615 [101 P. (2d) 764].) Plaintiff having failed to allege in her complaint compliance by her or failure of compliance by the defendants with the requirements of section 112a of the city charter above set forth, which section prevents her discharge except for cause, such failure is fatal to her alleged cause of action for her claimed wrongful discharge. ■ When one accepts and holds an office subject to certain conditions that are imposed by the laws of the state, county, city or other political subdivision whose agent or servant such person is, and if a cause of removal and a mode of enforcing it are provided by law, then such officer or employee is deemed to have accepted his office or employment on condition that he may be removed for that cause and in the manner provided by the law. (*Cline* v. *Superior Court*, 184 Cal. 331, 336 [193 Pac. 929].) The charter of the city of Los Angeles having created the position and employment occupied by plaintiff, it was proper to provide in such charter the manner and means of eliminating such position or discharging the holder therefrom, and the holder or incumbent in such office or employment takes the same subject to the charter conditions which accompany it. Even though we assume that plaintiff has attempted to allege a cause of action for malicious prosecution, and that the basis therefor is that the defendants maliciously, falsely and without probable cause charged plaintiff with certain derelictions of duty in a notice of discharge filed with the city civil service commission, as the result of which plaintiff was discharged from her position, nevertheless a cause of action is not stated. Not setting forth any allegations of extrinsic fraud which was involved in procuring the order of discharge, such a theory would amount to a collateral attack on the order apparently made by the civil service commission ousting plaintiff from her position. ■ Bound as we are to assume either that plaintiff appealed to the civil service commission, which board sustained her discharge, or that she failed to take advantage of the provisions of the charter which entitled her to ask for such a review of the order of the general manager discharging

her, and there being no direct attack upon the order of discharge grounded on extrinsic fraud in its procurement from the civil service commission, it must be assumed that the charges allegedly made by defendants were true and that the order of discharge was proper. (*Caraker* v. *Webster, supra.*)

■ Where, as here, the remedies provided by the charter are ample and exclusive, plaintiff was required to pursue and exhaust them, and having failed to do so, she is without standing in court in an action of the kind attempted to be alleged in the complaint filed herein. (*Johnson* v. *City of Glendale,* 12 Cal. App. (2d) 389 [55 P. (2d) 580] ; 1 Cal. Jur. 381, 382, sec. 58, and cases cited.)

■ Concerning the allegations contained in the complaint with reference to the defendant Lydia Jean Morgan, who was a fellow employee of plaintiff, it is at once apparent from a reading of the allegations that defendant Lydia Jean Morgan could not possibly have discharged the plaintiff as she is alleged to have done, because she had no power so to do under the charter of the city of Los Angeles. On that ground, irrespective of other claimed deficiencies in the complaint with reference to defendant Lydia Jean Morgan, it must be held that as to her no cause of action was stated.

For the foregoing reasons, the judgment appealed from is affirmed.

York, P. J., and Doran, J., concurred.