[Civ. No. 14061. Second Dist., Div. One. June 26, 1943.]

EDWARD E. HATCH, Appellant, v. A. M. DRAPER et al., Respondents.

**412**

Leonard Wilson for Appellant.

Bodkin, Breslin & Luddy and Michael G. Luddy for Respondents.

DRAPEAU, J. pro tem.—Appeal from judgment dismissing plaintiff's complaint after objection to testimony on the ground that the complaint failed to state a cause of action. The objection was sustained and the plaintiff was given ten days to amend. Upon failure to amend and after notice thereof, the judgment ordered the complaint dismissed, that plaintiff take nothing thereby and that defendants recover their costs.

The complaint was for damages for malicious prosecution, and alleged a grand jury indictment procured by defendants against plaintiff, but failed to allege that the indictment was procured by fraud or perjured testimony. Therefore, on its face, the complaint failed to state a cause of action. (*Norton* v. *John M. C. Marble Co.,* 30 Cal.App. 2d 451 [86 P.2d 892].)

Appellant recognizes the sufficiency of the authorities to sustain the ruling of the trial court that the complaint did not state a cause of action, but contends that the complaint was aided by answers filed by the several defendants, and that the objection to testimony and the motion to dismiss should have been considered and determined upon all the pleadings.

In such cases as this, the complaint is not aided by the answer; the trial court is limited to the allegations of the complaint; and objections to testimony and the motion for judgment must be decided upon the complaint alone, without regard to allegations contained in the answer. (*Bradley Co.* v. *Ridgeway,* 14 Cal.App.2d 326 [58 P.2d 194]; *Union Flower Market* v. *Southern California Flower Market,* 10 Cal.2d 671 [76 P.2d 503].)

The judgment is affirmed.

York, P. J., and Doran, J., concurred.