[Civ. No. 17835.   Second Dist., Div. Two.   Oct. 17, 1950.]

JOHN G. OPPENHEIMER, Appellant, v. C. E. ARNOLD et al., Respondents.

John G. Oppenheimer, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel, Andrew O. Porter and John B. Anson, Deputy County Counsel, for Respondents.

MOORE, P. J.—■ ■ From the order sustaining demurrer to his complaint, from the adverse judgment entered upon such order, and from the order denying his motion to vacate that judgment, plaintiff has appealed. Since both orders are nonappealable the ensuing discussion pertains only to the validity of the decree.

Appellant alleged that defendant Arnold was the county engineer and Pore was his assistant chief deputy; that he was employed by Los Angeles County as an engineering aid in the department of county engineer and surveyor; that he was appointed to a permanent position from a civil service eligible list May 11, 1949, and was serving the usual six months' probationary period; that on September 1, 1949, respondents suspended him without pay and on the 12th they terminated his services as of the 13th; that in order to gain the approval of the discharge by the county civil service commission respondents presented false evidence to the commission without the knowledge of appellant. The complaint alleges damages in the sum of $566.49 for lost wages, for "5 per cent a year special damages" and exemplary damages in the sum of $10,000.

■ No cause of action is alleged. [Section 34(7) of the Los Angeles County charter provides: "The rules shall provide . . . for a period of probation not to exceed six months, during which period a probationer may be discharged or reduced with the consent of the Commission."] ■ The complaint for malicious prosecution by a discharged civil service employee against the department head for causing plaintiff to be discharged is insufficient in that it is a collateral attack on the commission's order discharging plaintiff. Moreover, in order successfully to attack a discharge ordered with the consent of the commission a complaint must allege extrinsic

874

fraud employed in procuring such consent. (*Caraker* v. *Webster*, 24 Cal.App.2d 300, 301 [74 P.2d 1048].) Neither a request of the civil service commission for a hearing nor extrinsic fraud committed upon it by respondents nor a demand that the discharge be revoked is alleged. Section 34(7) says nothing about charges, or trial, or opportunity to be heard. ▮ Reasons for the discharge of an engineering aid during his probationary service are not required. (*Neuwald* v. *Brock*, 12 Cal.2d 662, 669 [86 P.2d 1047] ; *Snelling* v. *Civil Service Board*, 90 Cal.App.2d 865, 867 [204 P.2d 358].)

▮ In discharging appellant respondents acted in their official capacity. They are therefore immune against judgment for their orders as heads of the Department of Engineering and Surveying. Such immunity is absolute and extends to all their acts. It protects them in their exercise of judgment and discretion in the discharge of their duties. (*White* v. *Brinkman*, 23 Cal.App.2d 307, 317 [73 P.2d 254] ; *Spalding* v. *Vilas*, 161 U.S. 483, 498 [16 S.Ct. 631, 40 L.Ed. 780].)

Affirmed.

McComb, J., and Wilson, J., concurred.