## GEORGE W. FOOTE
## v.
## THE PEOPLE, use, etc.

1. LEVY—ELEMENTS OF ESTOPPEL.—Where the officer levied upon certain goods packed in a box, as the goods of appellee's mother, and the box contained some goods belonging to appellee, a minor, as well as the mother's goods. *Held*, that as there is no evidence in the record that appellee packed his goods with those of his mother with the fraudulent intent to mislead any one, or did any act to induce the officer to levy upon and sell the goods, the principal element of an estoppel is wanting. The officer levied upon the goods at the peril of showing they were the property of the defendant in the writ.

2. EXCESSIVE DAMAGES.—The verdict in this case must be reversed, as the judgment exceeds the estimate of the value of the property as contained in appellee's schedule.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed February 29, 1884.

Mr. W. C. CALKINS, for appellant; that if the act of a party is calculated to mislead, and actually does mislead another acting upon it in good faith and exercising reasonable care and diligence under all circumstances, such party is estopped, cited Manfs. Bk. v. Hazard, 30 N. Y. 226; Amonett v. Young, 14 La. Ann. 175; Bigelow on Estoppel, 501; Hoxie v. Home Ins. Co., 32 Conn. 21; Noble v. Chrisman, 88 Ill. 186; Lloyd v. Lee, 45 Ill. 277; Brooks v. Record, 47 Ill. 30; Buckingham v. Hanna, 2 Ohio, 551.

The verdict was against the weight of evidence: I. C. R. R. Co. v. Chambers, 71 Ill. 519; Harms v. Harms, 10 Bradwell, 543; McGregor v. McDevitt, 64 Ill. 261.

Messrs. WILLOUGHBY & DOUGHERTY and Mr. F. S. MURPHY, for appellee; as to estoppel in the case of a minor, cited Bigelow on Estoppel, 486; Kane Co. v. Herrington, 50 Ill. 238; Schnell v. Chicago, 38 Ill. 382; Davidson v. Young, 38 Ill. 148.

As to the liability of an officer on an execution against one person, seizing by mistake the goods of another: Davis v. Jenkins, 11 M. & W. 745; Screws v. Watson, 48 Ala. 628; Duke v. Vincent, 29 Ia. 308; Wintringham v. Lafoy, 7 Cow. 735; Wellman v. English, 38 Cal. 583; Jarvin v. Hooper, 6 M. & G. 827.

PILLSBURY, J.   This record shows that Mrs. Francis Major, the mother of the J. R. Major for whose use this suit is brought, on or about October 4, 1877, moved from Warren county in this State to Ohio, and packed her goods in two boxes for the purpose of having the same shipped by rail to her destination, and delivered the goods to the railroad agent, marked to Levi Morgan, Bridgeport, Ohio.   Mrs. Major being indebted to one Fay, he sued out an attachment writ from a justice of the peace, which was levied upon the two boxes of goods and sewing machine then in possession of the carrier. Judgment being obtained by Fay, sufficient of the goods were sold by the constable, Smith, to satisfy the judgment, and the remainder shipped to Morgan.

Mrs. Major, claiming the goods as exempt, sued this same appellant, who was security upon Smith's official bond, and recovered in the circuit court, and her judgment was afterward reversed in this court: Foote v. The People, 12 Bradwell, 94; and then the son instituted this suit, claiming to be the owner of some of the articles in the two boxes seized by Smith.

A verdict was rendered in his favor, whereupon he entered a remittitur of $50 and the court entered judgment for the remainder, $205.50, and the surety, Foote, appealed.

The evidence shows that Mr. Major resided with his mother in this State, and was at the time they removed but seventeen years old, and the question was made whether as a minor he had any ownership in the property claimed by him in this suit.

This issue was submitted to the jury under instructions, to which counsel urge no objection, and the verdict must be taken as settling that question in his favor.

The goods of the appellee, Major, were put in the same boxes with those of his mother for convenience in shipping, and it is insisted that the constable having a right to seize the goods of the attachment debtor, and he having no means of distinguishing the goods of the one from those of the other, the appellee, Major, ought to have notified the officer that he claimed the goods, and selected those owned by him, and as he did not do so he should be held estopped.

There is no evidence in the record that he packed his goods with those of the mother with a fraudulent intent to mislead any one, or did any act to induce the officer to levy upon and sell the goods, and in such case the principal element of an estoppel is wanting.

The officer levied upon the goods at the peril of showing they were the property of the defendant in the writ, as the writ could not justify him in seizing or selling those of a third party.

The judgment must, however, be reversed upon the ground that the damages are excessive.

The deposition of Major, taken in Ohio, has a schedule attached of every article put in the boxes that he claimed to own, with his estimate of the value of each item, which being added shows that the value of the entire property is less than the judgment by some eight dollars, which necessarily works a reversal of the judgment.

Besides, the evidence shows that some of the goods were shipped to their destination after the sale, and Major does not deny receiving them, and we think it but a fair presumption that he did get them, in which case the appellant should not be charged with their value.

The estimated value of the articles as made by Major appears to be extremely high and would scarcely justify a finding for such sums when the other evidence is taken into consideration.

So far as the act of the court is questioned in giving and refusing instructions, we find no ground of complaint; but it is suggested that upon another trial the second instruction in this case should not be given, as it tells the jury to find for the

plaintiff, if he did no act to mislead the officer, without requiring any proof of the other facts necessary to a recovery.

For the reason stated the judgment will be reversed and the cause remanded.

Judgment reversed.