**Brink's Chicago City Express Company, Plaintiff in Error, v. Thomas M. Hunter, Defendant in Error.**

### Gen. No. 15,217.

EXECUTIONS—*what not abandonment of property justifying levy.*
If a person having merchandise in possession for purposes of delivery does not complete delivery to the person for whom it was intended, in order to justify a levy thereon pursuant to an execution against another person into whose possession it ultimately comes, it must appear that such merchandise has been abandoned, and in order "to constitute an abandonment there must be the concurrence of the intention to abandon and the actual relinquishment of the property, so that it may be appropriated by the next comer."

Trover. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in this court at the March term, 1909. Reversed and judgment here. Opinion filed July 14, 1910.

WILLIAM ENGLISH, for plaintiff in error.

OLEF F. SEVERSON and WILLIAM CHONES, for defendant in error; GRIDLEY, CULVER & KING, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action of trover, in which the plaintiff seeks to recover the value of twenty-five volumes of an Encyclopaedia of Law and Procedure. The Municipal Court stated the facts as shown by the evidence substantially as follows: In April, 1907, a law book company shipped the books in question from Albany, packed in a wooden box addressed to one Edward R. Hills, an attorney, 909 Hartford Building, Chicago, care of Brink's Chicago City Express Company. Plaintiff received the books from the railroad company on April 27, 1907, and took them to 909 Hartford Building for delivery to said Hills. Not finding Hills there and being told that he was moving to room 1212 Rector Building, the plaintiff's driver took the package of books to the Rector Building. He found calciminers at work there in room 1212, and left the package of books in the hall, near the entrance to that room. One Theodore Walliser, said to be an attorney, was about to move to room 1208 in the Rector Building and when he did so move is said to have found this package of law books in that room, 1208. They remained there some weeks and in July following said Walliser opened the box, placed the books on his own desk and shelves and seems to have used them thereafter for his own purposes until about October 11th following. Upon that date they were levied upon by defendant as bailiff of the Municipal Court, acting by one of his deputies, under an execution issued by said court upon a judgment therein, in favor of a third party and against said Theodore Walliser for $200 and costs. Walliser is said to have represented to the deputy that the books were his by purchase, but that they would be of no value to any

one else, as he alone could complete the set. They were taken however under the writ, and thereafter on October 22, 1907, were sold by the defendant at public auction. It is conceded that at the time of the levy and sale and until March 23, 1908, when this suit was begun, the defendant had no notice nor knowledge of the title of the law book company or of the rights of the plaintiff express company in or to the books in question. The Municipal Court found from this evidence that the plaintiff had abandoned said books, had relinquished any claim, title, or right of possession to them, had been guilty of gross negligence and had no claim or title thereto as against the defendant bailiff and execution creditors of said Walliser without notice.

It is contended in behalf of plaintiff that the facts as stated by the lower court do not warrant the conclusion that the plaintiff had abandoned the books in question at the time of the levy and sale by the defendant bailiff. In this contention we concur. There can be no abandonment of one's property or rights without an intention to abandon. It is said in Judson v. Malloy, 40 Cal. 299, that "to constitute an abandonment there must be the concurrence of the intention to abandon and the actual relinquishment of the property, so that it may be appropriated by the next comer." See also Breedlove v. Stump, 3 Yerg. (Tenn.) 257, quoted with approval in Dawson v. Daniel, 2 Flipp (U. S.) 301; Livermore v. White, 74 Maine, 452; Log Owners Co. v. Hubbell, 135 Mich. 65.

There is nothing in the statement of facts nor apparently in the evidence tending to show that prior to the institution of this suit the plaintiff was aware that the books in question had not reached the person to whom they were intended to be delivered. Without such knowledge there could be no intention to abandon. The box containing them was distinctly marked with the name of the consignee. Walliser, the execution debtor, had wrongfully removed them from the box and appropriated them to his own use. He had falsely represented them to be his own by right of purchase. He had full knowledge of the name of the consignee, whom, had

he tried, he could have had no real difficulty in finding. He acquired no title nor right of possession against the plaintiff nor the real owner by his misconduct, and having no title nor right, the defendant could acquire none by a levy on the property of another in Walliser's wrongful possession, under an execution against him. Am. & Eng. Enc. of Law, 2nd ed., Vol. 19, p. 580.

It is true apparently that it was negligent on the part of plaintiff's driver to leave the box of books where it could fall into the hands of Walliser as it did. But such negligence had in it no element of estoppel. There was no fraudulent intent to mislead, nothing to induce the defendant officer to make the levy or sale. Whatever negligence there was did not deprive the real owner nor the plaintiff acting as his representative of title and right of possession. As is said in Am. & Eng. Enc. of Law (2nd ed.), Vol. 24, p. 1161: "It is a well settled general rule that a person cannot be deprived of his title to personal property without his consent, express or implied, and where no fraud or misleading acts on his part are shown; * * * the owner of property is entitled to recover it even from a *bona fide* purchaser, who purchased the property from a mere possessor." Walliser in this case had not even a right to temporary possession. Neither the real owner of the books nor the plaintiff knew he had them. "The owner of goods is not divested of his property therein by the casual loss of them and therefore as against him a finder acquires no title. And since the finder acquires no title to the goods found as against the true owner, he can transmit none to any other person." A. & E. of Law, 2nd ed., Vol. 19, p. 580. In Sargeant v. Marshall, 28 Ill. App. 177–180, it is said that "the owner of personal property, when wrongfully taken from his possession, is not bound to pursue it diligently and recapture it, under penalty in case of neglect of losing title if it is sold to a third party." Conceding that it was through negligence of the plaintiff's driver that Walliser obtained possession of the books as he did, and that plaintiff was negligent also in not sooner finding out that they were in Walliser's possession, such negligence did not divest

the owner of title nor plaintiff of the right to recover possession, even if the books had been sold by Walliser to a *bona fide* purchaser. A. & E. Ency. of Law (2nd ed.), Vol. 24, p. 1162. The levy by the defendant was wrongful. He "levied upon the goods at the peril of showing they were the property of the defendant in the writ, as the writ could not justify him in seizing or selling those of a third party." Foote v. People, 14 Ill. App. 280. See also Ellsner v. Radcliff, 21 Ill. App. 195.

The Municipal Court found the defendant not guilty and gave judgment against the plaintiff. The judgment disposed of the entire subject-matter of the litigation and is a final appealable order. The court found the value of the books in controversy to be $75. The judgment of the Municipal Court will be reversed and judgment entered here in favor of the plaintiff and against the defendant for $75 and costs.

*Reversed and judgment here.*