ERNEST QUACKENBUSH, Plaintiff and Respondent, v. GEORGE W. SHIVELY, Individually and as Sheriff, et al., Defendants, JOHN D. GRUBER COMPANY, a Corporation, Defendant and Appellant.

(167 N. W. 387.)

Conversion — personal property — wrongfully taken — value of — action to recover.

This is an action to recover the value of personal property wrongfully taken from the possession of the plaintiff and sold on an execution against a third party. The facts stated clearly show the taking and conversion of the property,

and that it was wrongful, and that plaintiff is clearly entitled to recover the value of his property, with interest and costs.

Opinion filed July 25, 1917. Rehearing denied October 3, 1917.

An appeal from the District Court of Towner County, Honorable *C. W. Buttz,* Judge.

Affirmed.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

*Kehoe & Moseley,* for respondent.

ROBINSON, J. This action was commenced in justice court in May, 1914, to recover $185, with interest, for the conversion of a gray mare named Nettie. Judgment was given in favor of the plaintiff for $200, and the defendant appealed to the district court. In that court judgment was given for $253.62, and defendants appeal to this court. The appeal was filed November 11, 1915. The verdict of the jury was for $175, and interest.

The complaint and the evidence show that one C. G. Day was the owner of the mare in question, and he mortgaged the same, with other property, to the Crocus State Bank to secure $1,500. Then he made a second mortgage on the same property to Henry Hawkinson to secure $200. Then he made to the defendant corporation a third mortgage on the mare, with other property, to secure $90. Then in October, 1913, with consent of all the parties interested, Day made a public sale of all his property to satisfy the mortgages according to their priority. The sale was the same as a foreclosure. At the public auction sale the plaintiff fairly and in good faith purchased and took possession of the mare and thereby acquired all the title and interest of Day, in addition to the mortgage lien, and his title became superior to all other titles and liens. At the sale which was made by Day pursuant to the agreement, the agent of said third mortgagee was present, and purchased and took and carried away certain personal property. Then, under a warrant of foreclosure against Day, the defendants levied upon and took the mare from the possession of the plaintiff. It is claimed the defendant corporation did not consent to the auction sale. That is quite immaterial. Its agent was present at the sale and purchased property for it. And we are agreed that there is evidence to justify the finding of the jury that

defendant waived the lien of its mortgage. In any view of the case the plaintiff is clearly entitled to recover the value of his mare, with interest. and costs. The case is too clear for any discussion. Judgment affirmed..