[Civ. No. 10204.   Second Appellate District, Division One.—January 4, 1936.]

J. C. McPHEETERS, Respondent, v. ALYNETTE BATE-MAN, Appellant.

M. R. Van Wormer for Appellant.

W. J. Minville for Respondent.

SHINN, J., *pro tem.*—This is an appeal by defendant Alynette Bateman from a judgment for damages caused by the levy of an execution upon the property of plaintiff herein, who was not the judgment debtor. The only question involved is the sufficiency of the evidence to support findings as to various items of damage making up the total sum of the judgment for $127.

McPheeters owned a restaurant in San Luis Obispo. One Tucker, the judgment debtor, had been in complete charge thereof for more than a year, during which time McPheeters remained in Long Beach. The constable levied an execution at the instance of appellant Bateman under a judgment she held against Tucker. The instruction to the constable was to levy upon "the eating place known as the Hamburger Orchard, located on Morro Street, with all equipment therein". The place was locked up for five days. Actual damages were

awarded against appellant in the sum of $40 for loss of profits while the business was closed, the sum of $25 for food in the building which spoiled, and for $12 which had been paid for meat which had to be destroyed because it could not be used. Upon a finding that the defendant Bateman was actuated by malice in causing the levy of the execution, judgment went against her for the additional sum of $50 as exemplary damages. Judgment went in favor of her codefendant, the constable.

The complaint does not allege nor does the evidence show want of probable cause for levying the writ. There is no finding one way or the other on that matter.

■ Want of probable cause is an essential element of malicious prosecution. (16 Cal. Jur. 737.) The same rule applies to ancillary writs, such as the writ of attachment (*Vesper* v. *Crane Co.*, 165 Cal. 36 [130 Pac. 876, L. R. A. 1915A, 541] ; *King* v. *Montgomery*, 50 Cal. 115; *Gonzales* v. *Cobliner*, 68 Cal. 151 [8 Pac. 697] ) ; the writ of injunction (*Robinson* v. *Kellum*, 6 Cal. 399; *Asevado* v. *Orr*, 100 Cal. 293 [34 Pac. 777] ) ; or an order appointing a receiver (*Jones* v. *Richardson*, 9 Cal. App. (2d) 657 [50 Pac. (2d) 810] ).

■ Proceedings had under a writ of execution, issued upon a judgment, are but steps taken in the prosecution of a civil action. The writ of execution is not to be distinguished from other writs which are afforded litigants and which may be availed of without punitive liability upon the part of those who act upon sufficient cause and from proper motives. If the element of either probable cause or malice is absent, the levy of the writ should not subject the judgment creditor to damages for malicious prosecution. ■ The finding that the levy was caused to be made through malicious motives is not sufficient to support the award of exemplary damages in the absence of a finding that the levy was made also without probable cause.

However, we have reviewed the evidence and find the case to present a common situation where a creditor has made a levy upon property, ostensibly owned by the debtor, and in a *bona fide* attempt to collect a just debt. There is nothing in defendant's conduct indicative of an intent to oppress or harass the plaintiff. The evidence is wholly insufficient to show malice. The award of exemplary damages was errone-

ous because want of probable cause was not alleged or proved and the finding of malice is not sustained by the evidence.

The case was tried and it has been briefed upon appeal under the theory that it is essentially an action for malicious prosecution. This is correct only to the extent that the questions of malice and want of probable cause are related to the matter of exemplary damages.

■ Where an execution is levied upon property which does not belong to the judgment debtor the owner of the property is entitled to recover from those responsible for the levy such damage as he may have suffered by reason of the levy, and any further proceedings taken thereunder. He sues for trespass to the property and not for malicious prosecution, unless he also seeks to charge the wrongdoers with exemplary damages. (*Nightingale* v. *Scannell*, 18 Cal. 315; *McDougald* v. *Dougherty*, 12 Ga. 613; *Brink's Chicago City Express Co.* v. *Hunter*, 156 Ill. App. 537; *Quackenbush* v. *Shively*, 39 N. D. 156 [167 N. W. 387]; *Pinkard* v. *Willis*, [on rehearing], 24 Tex. Civ. App. 69 [57 S. W. 891].) The court found, upon sufficient evidence, that plaintiff owned the property. ■ The instructions to the constable were sufficient to authorize him to take possession of all of the personal property belonging to the business, which would include the supplies on hand, as well as the equipment. Appellant is therefore responsible for the levy upon the perishable property which became spoiled and valueless. We are of the opinion that there was sufficient evidence to support the findings as to the amount of damages suffered by reason of the loss of the personal property, $37, and the loss of profits while the business was closed, for which the court allowed $40. These damages were recoverable even though the levy was made upon sufficient cause and without malice, and this part of the judgment should be affirmed.

■ The sufficiency of the amended complaint to sustain a judgment for exemplary damages could have been tested on demurrer. The same point and the additional points that there was no sufficient evidence of malice or want of probable cause, and no finding of want of probable cause, could have been presented to the trial court on motion for a new trial. Demurrers to the amended complaint were filed and withdrawn and no motion for new trial was made. If these points had been presented to the trial court this appeal

might have been obviated. Under these circumstances respondent and not appellant should recover costs of appeal.

The judgment is modified by eliminating therefrom the award of exemplary damages in the sum of $50 and is affirmed as modified; respondent to recover costs of appeal.

Houser, P. J., and Doran, J., concurred.