[Civ. No. 18053. Second Dist., Div. Two. Mar. 9, 1951.]

W. S. GAUSE et al., Respondents, v. H. E. O. McCLELLAND, Appellant.

Horton & Horton, Joseph K. Horton and Russell A. Barker for Appellant.

E. O. Leake and J. J. Leake for Respondents.

McCOMB, J. — From a judgment in favor of plaintiffs after trial before the court without a jury in an action to recover damages for malicious prosecution, defendant appeals.

*Facts:* About June 13, 1943, plaintiffs leased from defendant from month to month, under a written lease, an apartment in the Graemere Apartments, Los Angeles. Soon thereafter difficulties arose between the parties and on many occasions defendant refused to accept rent from plaintiffs and tried to evict them. In March, 1946, defendant stated to plaintiffs that she desired their apartment which adjoined the apartment occupied by herself and husband for the use of her mother. Plaintiffs did not accede to this request, whereupon defendant obtained permission from the Office of Price Administration to file an action in unlawful detainer seeking possession of their apartment.

Such an action was filed on September 10, 1946, in the Municipal Court of Los Angeles and after trial a judgment was entered in favor of plaintiff in such action, defendant here. The defendants in the municipal court action appealed to the appellate department of the superior court. On January 10, 1947, that department reversed the judgment on the ground that the notice to vacate was technically insufficient. While the appeal was pending, plaintiffs in the instant action failed on December 26, 1946, to pay the rent due for the apartment whereupon defendant obtained a writ of possession which was served on plaintiffs and on January 2, 1947, they were evicted from the apartment.

Upon reversal of the judgment of the municipal court plaintiffs instituted the present action seeking to recover damages for their wrongful eviction. After trial in the superior

court the judge awarded a judgment in favor of plaintiffs in the sum of $1,797.

*Question: May a tenant who is evicted by virtue of a writ of possession under a judgment in an unlawful detainer action which judgment is subsequently reversed on appeal recover in a tort action for malicious prosecution in the absence of a showing of want of probable cause?*

*No.* The rule is accurately stated in Lawyers' Reports Annotated (1918C), page 323 as follows:

"It is a general rule that the courts are open for the purpose of determining the existence of rights to which any person may conceive himself entitled. If a person brings an action in good faith and without malice, he is not liable beyond the costs that may be assessed against him in the action, however unfounded the action may be. It is only when he prosecutes an action maliciously and without probable cause that he renders himself liable in damages. Liability for the malicious prosecution of civil actions is sometimes limited to cases in which there has been an interference with the person or property. The present note is concerned with the question whether these general rules apply to and govern the liability of a landlord who has brought an unfounded suit against his tenant. A contract relation exists between a landlord and his tenant; the contract, that is, the lease, usually contains covenants. It may be stated generally at this point in the discussion that, if the action of the landlord amounts to a breach of his covenants, he renders himself liable therefor irrespectively of the existence of malice or lack of probable cause. . . ."

The present tort action instituted by plaintiffs was in the nature of an action for malicious prosecution. ▮ There is no such thing as a cause of action for unlawful or malicious eviction of a tenant. ▮ Where the eviction arises from the wrongful use of judicial processes the cause of action is one for malicious prosecution. (See *Black* v. *Knight,* 176 Cal. 722, 726 [169 P. 382, L.R.A. 1918C 319].)

▮ To sustain a cause of action for malicious prosecution one of the essential elements is a finding of fact that there was a want of probable cause. (*McPheeters* v. *Bateman,* 11 Cal.App.2d 106, 108 [53 P.2d 195].)

▮ The rule is established that in the absence of proof of fraud in obtaining a judgment in an unlawful detainer action, even though it be reversed on appeal, such judgment gives rise to a conclusive presumption of probable cause for the

institution of the unlawful detainer action. (*Black* v. *Knight*, 44 Cal.App. 756, 770 [187 P. 89].)

In the present case there was neither an allegation in the complaint nor a finding by the trial court that defendant instituted the action for unlawful detainer in the municipal court without a want of probable cause. On the contrary the undisputed evidence disclosed that a judgment had been entered in favor of plaintiff in the municipal court action (defendant here) and there was a total absence of any evidence that defendant perpetrated any fraud in the obtaining of such judgment. Therefore the aforementioned rule gave rise to the conclusive presumption that there was probable cause for the institution of such action.

Since plaintiffs have failed to prove one of the essential elements of their cause of action the judgment must be reversed. Therefore it becomes unnecessary to discuss other points argued by counsel.

Reversed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied March 27, 1951, and respondents' petition for a hearing by the Supreme Court was denied May 7, 1951. Carter, J., voted for a hearing.