[Civ. No. 1695. Fifth Dist. June 6, 1973.]

GERALDENE ASELL, Plaintiff, Cross-defendant and Appellant, v. JOSE RODRIGUES et al., Defendants, Cross-complainants and Respondents.

## COUNSEL

Rushing, Clark & Haight and Gerald A. W. Haight for Plaintiff, Cross-defendant and Appellant.

Bush, Ackley, Milich & Hallinan and Hartley H. Bush for Defendants, Cross-complainants and Respondents.

## OPINION

**FRANSON, J.**—Appellant appeals from a judgment in favor of respondents in the amount of $4,081.08.

Appellant filed a first amended complaint alleging seven causes of action against respondents; respondents filed a first amended cross-complaint alleging four causes of action against appellant. The trial court found in favor of appellant on her third and fourth causes of action for a total of $4,298.37, and in favor of respondents on the second cause of action of their amended cross-complaint for $8,379.05, and entered judgment for respondents for a difference of $4,081.08.

Appellant has limited this appeal to the adverse judgments on the first, fourth, fifth and seventh causes of action of her amended complaint and to the judgment against her on the second cause of action of the amended cross-complaint.

This lawsuit arose out of a lease by appellant to respondents of a 250-acre dairy ranch in Stanislaus County. Appellant leased her ranch to respondents by written lease effective October 15, 1969. The lease term was seven years, four and one-half months, at a monthly rental of $1,146 commencing October 15, 1969.

In the lease, respondents covenanted to keep and maintain the premises in as good repair and condition as when they took possession; that they would not make any alterations or improvements to the premises without the prior written consent of appellant, provided that they could add a room onto the house if the plans for such addition be first approved by appellant; that they would not interfere with appellant's right to go upon the premises at any reasonable time for the purpose of inspecting and determining the condition thereof. In the event of any default by respondents of any of the covenants in the lease, appellant at her option could declare the lease terminated and reenter and remove all persons from the premises without

restoring any consideration received under the lease; in this event it was provided that respondents waived all rights arising under the lease.

After respondents took possession of the ranch, they constructed cattle mangers and feed racks and added a new room on the main house. Soon thereafter ill will developed between the parties and after several verbal confrontations on the premises, appellant instructed her attorneys to prepare and serve on respondents a notice to quit and if respondents did not immediately vacate the premises to prosecute an unlawful detainer action against them. A notice to quit, dated January 27, 1970, was served on respondents, giving them three days to deliver possession of the ranch "or the undersigned will institute legal proceedings against you to recover possession . . . and for TREBLE RENTS and DAMAGES."

The notice alleged the breach of three covenants of the lease: that respondents would not construct a room onto the house without first providing plans to appellant for her approval, that respondents would not interfere with appellant's right to come onto the property for inspection, and that respondents would allow appellant to have one barn located upon the premises for a temporary storage of certain oat hay without interference by respondents.[1]

The notice stated, "The breach of each and every covenant . . . is regarded in and of itself as a noncurable breach," and that appellant elected to declare a forfeiture of the lease under the default provisions thereof.

Respondents apparently chose to vacate the ranch rather than litigate the unlawful detainer action threatened by appellant.[2] Louie Silva took possession of the ranch as appellant's new tenant on April 5, 1970, and respondents moved off of the ranch several days thereafter.

■■■ As to her first cause of action, appellant contends there is insufficient evidence to support the trial court's finding that respondents did not

---

[1] This alleged covenant was based on an oral agreement entered into about the same time as the signing of the lease whereby respondents agreed to allow appellant to store oat hay in a barn on the premises until she could sell the hay "early in January." It is questionable whether the parties intended the oral agreement to be a covenant of the lease.

[2] By stipulation a copy of a letter dated February 17, 1970, from appellant's attorney to respondents' attorney was received in evidence (plaintiff's exhibit No. 41). This letter purports to confirm an agreement between the parties whereby respondents agreed to vacate the premises by April 15, 1970, and agreed to a mutual cancellation of the lease in return for appellant's promise not to prosecute the unlawful detainer action. However, the letter concludes with the statement, "As for the present existing problems arising under the lease, I hope that these may be amiably resolved." On February 26, 1970, appellant filed the present action.

breach the covenants of the lease. In reviewing the sufficiency of the evidence to support the findings, this court must consider the evidence in a light most favorable to respondents, giving them the benefit of every reasonable inference in resolving conflicts in the evidence and in support of the judgment (*Callahan* v. *Gray*, 44 Cal.2d 107, 111 [279 P.2d 963]; *Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; *Continental Dairy Equip. Co.* v. *Lawrence*, 17 Cal.App.3d 378, 382 [94 Cal.Rptr. 887]).

We have reviewed the record carefully and find substantial evidence to support the trial court's findings that respondents did not breach the covenants of the lease. The testimony was in conflict as to each alleged breach; the parties gave detailed testimony as to their version of what transpired after respondents took possession. ■ The effect and value of the testimony and the credibility of the witnesses was a matter for the trial court to determine (See Evid. Code, § 312, subd. (b)). Also, when two or more inferences can be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court (*Callahan* v. *Gray, supra,* at p. 111). ■ Respondents' testimony alone is sufficient to support the finding that respondents did not breach the lease.

■ As to the fourth and fifth causes of action of appellant's complaint, she contends that as a matter of law she is entitled to interest on the $3,998.37 debt admittedly owing by respondents. This debt arose from the sale of hay by appellant to respondents and it was agreed that the weight of the hay would serve as a basis for the price. Since respondents breached a contract to pay a definite sum of money, appellant is entitled to interest on the amount of the debt from the time *performance was due* (*Lineman* v. *Schmid*, 32 Cal.2d 204, 211 [195 P.2d 408, 4 A.L.R.2d 1380]). Performance was not due from respondents until after the price had been set by weighing the hay. We find nothing in the record indicating when the hay was actually weighed; appellant's testimony indicates that the hay had not been weighed as of November 1969. As defined by the pretrial order, the issue is whether appellant was entitled to interest from October 15, 1969, and since respondents' performance was not due on that date, the trial court did not err in deciding the interest claim against appellant.

Appellant next contends that the judgment for respondents on her seventh cause of action for conversion of wind-rowed hay in the field must be reversed because there is no appropriate finding as to whether respondents converted this hay. Appellant testified that she and respondents had an oral agreement that they would irrigate and ionize the fields and slope

the corral in return for the cut hay in the fields; she testified that respondents performed this work. The evidence is uncontradicted that respondents were to receive the hay in the field in return for the work which they performed. Thus, the trial court erred in not finding that respondents did not convert the hay because they had fully performed the oral agreement with appellant and thereby acquired ownership of the hay. Because the case is to be remanded for further proceedings on the second cause of action of the cross-complaint, we also order a remand of the seventh cause of action for the purpose of allowing the trial court an opportunity to enter an appropriate finding of fact consistent with its judgment thereon.

■ We turn now to the judgment in favor of respondents on the second cause of action of the amended complaint. It appears that constructive eviction is respondents' theory of recovery. The trial court found that respondents did not voluntarily leave the premises but were forced therefrom by appellant, and that appellant did not have reasonable grounds to believe that the lease had been breached; on the basis of these findings it awarded damages for a "wrongful" eviction.

We find no evidence that appellant forced respondents from the ranch other than serving the notice to quit. This fact distinguishes the case from those situations where the lessor's physical acts on the premises substantially interfered with the tenant's possession and quiet enjoyment, thereby causing the tenant to quit the premises (see *Pierce* v. *Nash,* 126 Cal.App.2d 606 [272 P.2d 938]).

Appellant contends that the letter of February 17, 1970, compels a finding that respondents voluntarily left the ranch because they agreed to a cancellation of the lease in exchange for appellant's agreement not to prosecute the unlawful detainer action. However, the letter expresses a hope for a settlement of ". . . present existing problems arising under the lease . . .," and from this it reasonably may be inferred that the parties reserved the right to litigate a past breach in the event the controversy was not settled. The fact that appellant filed the present action approximately six days after the date of the letter, alleging a breach of the lease by respondents, supports such an inference. The notice to quit adequately supports a finding that respondents did not voluntarily quit the premises.

■ The trial court next found that appellant did not have reasonable grounds to believe the lease had been breached by respondents.[3] ■ In

---

[3]The action for wrongful eviction or, as in the case at bench, for a *threatened* wrongful eviction is in reality an action for malicious prosecution, an essential element of which is a want of probable cause. (*Gause* v. *McClelland,* 102 Cal.App.2d 762, 764 [228 P.2d 91].)

determining whether a landlord has probable cause to believe that a tenant has breached the lease, the court must apply an objective standard, i.e., would a reasonable and prudent lessor, under similar circumstances and knowing what the lessor in question knows, have concluded that the tenant had violated the covenants of the lease. (See *Black* v. *Knight,* 44 Cal.App. 756, 769 [187 P. 89].)

■ Where the facts are in dispute, or if not in dispute where conflicting inferences may be drawn, the question of probable cause is within the discretion of the trial court and its decision will not be disturbed on appeal. Having in mind that the evidence is sufficient to support the finding that respondents did not breach the lease, that the trial court had the opportunity of observing appellant and of evaluating her testimony in the light of the facts otherwise established, that appellant was not acting under advice of her counsel but independently thereof (*Black* v. *Knight, supra,* 44 Cal.App. at p. 769), the evidence supports the finding of a want of probable cause.

■ We come now to the question of whether the findings support the judgment. We hold that they do not.

In *Lindenberg* v. *MacDonald,* 34 Cal.2d 678 [214 P.2d 5], a sublessee sued his lessor for damages allegedly caused by the lessor's attempt "asserted by plaintiff to have been made in bad faith and unlawfully" to terminate his sublease of real property. The Supreme Court treated the action as one for constructive eviction and affirmed a summary judgment in favor of the lessor, holding that where the sublessee vacated the premises upon the lessor's notice to quit, he cannot recover damages for constructive eviction "or under any other conceivable theory" in the absence of a showing that the lessor acted in bad faith. The court relied in part upon cases holding that a good faith resort to legal process does not constitute duress and concluded that it cannot amount to a constructive eviction, giving rise to a cause of action for damages by the tenant. (*Lindenberg* v. *MacDonald, supra,* pp. 683-684.)

In *Black* v. *Knight,* 176 Cal. 722 at page 726 [169 P. 382], it is stated: "So long certainly as there is no disturbance of the tenant's beneficial enjoyment of the premises caused thereby, the right of a landlord, acting in perfect good faith and without malice, to prosecute an action in the courts for the purpose of obtaining a determination of the question whether the tenant has not forfeited his term because of violation of some covenant of the lease, without making himself amenable to the tenant in damages, cannot well be disputed. Indeed, there is much authority which goes further in favor of the landlord's rights in this respect. It is substantially said in 2

Tiffany on Landlord and Tenant, section 289, that the general rule is that in order to make one liable for the institution of a civil suit, it must have been *with malice* and without probable cause, and that, under this rule, a landlord would not be liable to his tenant for damage to the latter arising from his wrongful institution of a summary proceeding to recover possession, unless it was instituted maliciously *and* without probable cause. [Citations.]" (Italics added.)

In *Black* v. *Knight,* 44 Cal.App. 756 [187 P. 89] (appeal after retrial) the reviewing court stated that the Supreme Court had held in the former appeal (*Black* v. *Knight,* 176 Cal. 722 [169 P. 382]) that the tenant could not recover unless he proved *both* malice and want of probable cause on the part of the landlord in instituting and prosecuting the unlawful detainer action.

Although malice may be inferred from a want of probable cause (*Black* v. *Knight, supra,* 44 Cal.App. 756 at p. 768), such an inference does not arise as a matter of law, otherwise the two concepts become synonymous. We can easily hypothesize a situation where a landlord *subjectively* in good faith believes that the tenant has breached the lease, yet under an objective standard lacks reasonable cause to believe such to be the fact. Conceptually, an unreasonable landlord may be acting in good faith and without malice when he serves a notice to quit.

We hold that because appellant did not physically interfere with respondents' possession, that respondents can recover damages for a wrongful eviction only if appellant served the notice to quit with malice. Because the trial court made no finding as to malice, the judgment in favor of respondents on their second cause of action of the cross-complaint must be reversed and the cause remanded for a determination of this issue. If the trial court does not find malice, then respondents' second cause of action falls as a matter of law. (*Lindenberg* v. *MacDonald, supra; Black* v. *Knight, supra,* 176 Cal. 722; *Black* v. *Knight, supra,* 44 Cal.App. 756; see *Pierce* v. *Nash,* 126 Cal.App.2d 606 [272 P.2d 938].)

In the event the trial court finds that appellant served the notice to quit and threatened the unlawful detainer action with malice toward respondents, then the question is raised as to the correct measure of damages suffered by respondents as a result of the constructive eviction. The trial court awarded respondents the value of their labor and costs for improving and repairing the ranch and for planting crops prior to vacating the premises. However, the cattle feeding mangers and the room which respondents added to the house and possibly the water tank, constitute *permanent* improvements. Under the lease respondents had no right to remove these

improvements at the end of the lease term; therefore, appellant's wrongful eviction deprived them only of the reasonable value of the improvements for the remaining term of the lease.

Respondents are entitled to no more than the detriment proximately caused by their wrongful eviction or which, in the ordinary course of things, would be likely to result therefrom (Civ. Code, § 3300; *Landon* v. *Hill*, 136 Cal.App. 560, 566 [29 P.2d 281]; 14 Cal.Jur.2d, Damages, § 141, pp. 770-771). No evidence was presented as to the useful life expectancy of the improvements.

Accordingly, the damage portion of the judgment in favor of respondents on the second cause of action of the cross-complaint is remanded to allow the trial court to receive evidence as to the reasonable life expectancy of the improvements and to redetermine respondents' damage as a result of the loss of the improvements for the remaining term of the lease.

■ Appellant makes two other contentions of error, neither of which has merit. First, that the trial court erred in allowing Jose to utilize notes while testifying as to the damages he incurred by reason of appellant's wrongful eviction. Jose testified through an interpreter and used notes written in the Portuguese language. Evidence Code section 771 allows any witness to utilize a writing to refresh his memory with respect to any matter about which he testifies. The record does not indicate that Jose used these notes for any purpose other than to refresh his memory; he was extensively cross-examined as to his testimony. Appellant's trial counsel requested, and was granted, permission to have the notes translated before they were used; however, appellant's counsel never asked the trial court to direct the interpreter to translate the notes into English. If there was error it was invited error; appellant could have easily solved the problem by asking the interpreter to translate the notes.

Appellant's next contention is that the trial court erred in excluding the offered testimony of JoAnn Thompson. ■ The trial court has discretion to exclude evidence if its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time or create substantial danger of confusing the issues (Evid. Code, § 352). The trial court clearly acted within its discretion in excluding this evidence.

The judgment in favor of respondents and against appellant on the second cause of action of the cross-complaint is reversed and remanded with directions to the trial court to determine the issue of malice on the part of appellant in serving the notice to quit on respondents. If the court finds malice, then it is directed to reopen the cause and to receive evidence on the reason-

able value of the permanent improvements and to redetermine the damages suffered by respondents by way of the loss of use of these improvements for the balance of the lease term.

The judgment in favor of respondents on appellant's seventh cause of action is reversed; the cause is remanded for entry of a finding as to the conversion of the wind-rowed hay.

The judgments on the other causes of action of the amended complaint and amended cross-complaint are affirmed.

Each party to bear his own costs on appeal.

Brown (G. A.), P. J., and Gargano, J., concurred.