[Civ. No. 29835. Fourth Dist., Div. Two. Sept. 16, 1983.]

JOSEPH LEE ROSANO, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
UNION OIL COMPANY OF CALIFORNIA, Real Party in Interest.

**COUNSEL**

Thomas E. McDougall for Petitioner.

No appearance for Respondent.

Gibson, Dunn & Crutcher, R. Randall Huff and William E. Wegner for Real Party in Interest.

**OPINION**

**McDANIEL, J.**—In these original proceedings, we address the narrow question, in an action for forcible entry, of whether a tenant is entitled to

prove up damages for lost profits allegedly incurred after the *expiration* of his right to lawful possession.

## FACTS

Joseph Lee Rosano, petitioner and plaintiff in the underlying action, entered into a service station agreement with Union Oil Company of California (Union), defendant in the underlying action and real party in interest herein, wherein Rosano agreed to lease and operate a service station in Indio, California, for a period of three years. The leasehold term expired July 31, 1975. The pertinent provision of the lease further stated: "The Lease ends automatically and without notice on the termination date. If the Lessee remains in possession of the Station after the termination date with Union's express or implied consent, Lessee is a tenant from month to month on the terms and conditions specified herein."

On August 1, 1975, the day *after* the leasehold term expired, Rosano and Union entered into a "mutual cancellation agreement." This agreement expressly acknowledged that the lease had, in fact, terminated on July 31, 1975. The agreement also provided that the dealer changeover would occur "on or before October 1, 1975," thus allowing Rosano to remain in possession until that time. Shortly thereafter, Union informed Rosano of their intention to evict him if he did not vacate the premises by the agreed date, October 1, 1975. However, Rosano failed to surrender possession as agreed. Early on the morning of October 1, 1975, Union representatives appeared at the station prepared to effect the dealer changeover. This was a 24-hour station but the station was closed and no one was there. Accordingly, the Union representatives proceeded to change the locks, to inventory the merchandise and equipment, and to transport Rosano's property into storage.

Rosano then filed a complaint against Union which included six causes of action: forcible entry, conversion, trespass, tortious interference with business advantage, violation of franchise law, and deceptive practice under the Corporations Code. The case went to trial and a jury awarded Rosano $160,000 compensatory and $500,000 punitive damages. A new trial motion was thereupon granted in connection with which the latter three causes of action were dismissed with prejudice.

Before commencement of the new trial on the three remaining counts (forcible entry, conversion and trespass), Union moved for judgment on the pleadings and also moved *in limine* to exclude evidence of damage evidence consisting of Rosano's alleged lost profits suffered *after* eviction. The trial

court denied the motion for judgment on the pleadings, but granted the motion *in limine* to exclude evidence of such lost profits.

Rosano then filed his petition for a writ of mandate seeking to overturn the trial court's order granting Union's motion to exclude the evidence of lost profits. We authorized issuance of the alternative writ, and the matter is now before us for disposition on the merits. After a full consideration of the filings and the oral arguments, we have determined that the petition should be denied.

## DISCUSSION

Rosano relies principally on one case, *Daluiso* v. *Boone* (1969) 71 Cal.2d 484 [78 Cal.Rptr. 707, 455 P.2d 811], which overruled two earlier decisions, *Canavan* v. *Gray* (1883) 64 Cal. 5 [27 P. 788] and *Walker* v. *Chanslor* (1908) 153 Cal. 118 [94 P. 606], in holding that a plaintiff in peaceable possession of land may recover in *tort* "for all damages for injuries to his person or goods which are the natural and proximate result of a forcible entry by another [regardless] of whether the entering party has title or the right to possession." (*Id.*, at p. 499, fn. omitted.) ▉ Rosano argues that whether damages for lost profits is the "natural and proximate result of a forcible entry" is a question of *fact,* and, therefore, that evidence thereof can properly be submitted to a jury. Hence, he contends that the trial court's order excluding such evidence was error.

Union responds that the issue must be more narrowly drawn; that the question is not whether lost profits may ever constitute damages which proximately flow from a forcible entry, but rather whether a holdover tenant, with no colorable right to possession, is *ever* entitled to such damages. Not surprisingly, Union argues that both case law and public policy clearly condition recovery for lost profits suffered because of a forcible entry on the dispossessed tenant's legal right to possession of the property.

No California decision that has come to our attention has ruled directly on the question. However, a number of cases do clearly point in the direction of a rule which supports Union's position here.

▉ It has long been settled that damages for wrongful eviction may be had for the loss of the use of the property to the end of the lease term. (*Stillwell Hotel Co.* v. *Anderson* (1935) 4 Cal.2d 463, 468-469 [50 P.2d 441]; *Asell* v. *Rodrigues* (1973) 32 Cal.App.3d 817, 826 [108 Cal.Rptr. 566].) Where a business is being conducted on the leasehold, damages may include the lost profits over the unexpired term of the lease. (*Orly* v. *Russell*

(1921) 53 Cal.App. 660, 663 [200 P. 732]; *Schuler* v. *Bordelon* (1947) 78 Cal.App.2d 581, 586 [177 P.2d 959].)

In *Orly,* plaintiff won a forcible entry and detainer judgment and was awarded lost-profits damages. On appeal, the court held, however, that the award of damages was excessive, stating: "Plaintiff was a tenant at will. As such his tenure could have been legally terminated in thirty days. [Citations.] The *longest* period of time for which he was entitled to charge a loss of profits as an element of damage was, therefore, thirty days." (Italics supplied, *id.,* at p. 663.)

In *Schuler,* the court noted the general rule laid down in *Orly,* but held that plaintiffs were entitled to damages beyond the expiration of the lease date because defendant failed to give a proper 30-day notice of termination: "While ordinarily loss of profits is limited to profits which could have been made during the unexpired term (36 C.J. 284), damages to good will may be considered in addition to loss of profits. [Citation.] . . . Plaintiffs had built up a good will for their business which they might well have retained for themselves at another location had they been given the requisite notice of termination of the tenancy, thereby enabling them to advise their customers of their removal and the address at which they would continue business." (*Schuler* v. *Bordelon, supra,* 78 Cal.App.2d 581, 586.)

■ A rule of law applicable here can easily be extrapolated from the foregoing cases, namely: that damages for lost profits are limited to those losses incurred during the unexpired term of the lease, including the period following notice of termination *when the tenant is clothed with a legal right to possession.* The basic common sense purpose underlying the rule we have evolved here is self-evident. A contrary rule could well encourage unlawful holdovers, which in turn would incite efforts at self-help, thus defeating the very purpose of the *Daluiso* rule allowing proximate damages for those dispossessed by forcible entry. ■ "The courts of this state have long recognized that the purpose of these [forcible entry] statutes was 'to secure a *judicial* adjustment of differences [concerning the right to possession of property] and thus prevent the parties themselves from redressing or attempting to redress their own wrongs which is likely to lead to serious wrongs against the public or society.'" (*Daluiso* v. *Boone, supra,* 71 Cal.2d at p. 484, 495, original italics, quoting *San Francisco & Suburban etc. Soc.* v. *Leonard* (1911) 17 Cal.App. 254, 262 [119 P. 405].)

■ To recap the key facts, Rosano's legal right to possession had clearly expired by the date of the eviction, October 1, 1975. The service station lease had terminated as of July 31, 1975. That lease provided, upon termination of the lease, that a tenant who remained in possession with Union's

express or implied consent, became a tenant from month-to-month. By terms of the mutual cancellation agreement which Rosano later signed, Rosano was given 60 days advance notice that he must surrender possession by October 1, 1981. Thus, Rosano clearly received adequate written notice of termination of the month-to-month tenancy (Code Civ. Proc., § 1162) which came into being as a result of his holding over with Union's consent.

Because Rosano's legal right to possession of the service station expired absolutely and unconditionally on October 1, 1975, the rule we have announced here precludes an award of damages for lost profits after that date. Accordingly, we hold that the trial court's order granting the motion to exclude evidence of lost profits was proper.

### DISPOSITION

The petition for writ of mandate is denied. Real party is entitled to costs as sanctioned by section 1027 of the Code of Civil Procedure.

Morris, P. J., and Rickles, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 23, 1983.