872 F.2d 426
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 In re CLUB RENDEZVOUS, INC., Debtor.
CLUB RENDEZVOUS, INC., Appellee,
v.
SOUTH PLAZA ASSOCIATES, dba Desert Fashion Plaza, Appellant.
 No. 88-5524.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1988.
Decided March 29, 1989.
 Before CYNTHIA HOLCOMB HALL, WIGGINS, DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 South Plaza Associates (Plaza) appeals the bankruptcy appellate panel's affirmance of the bankruptcy court's judgment in favor of Club Rendezvous, Inc. (Club). The bankruptcy court concluded that Plaza breached its lease with Club and wrongfully evicted Club, and awarded Club $252,965.00 in damages plus attorneys fees. Plaza appeals, contending that the bankruptcy court erred in finding that Club had not abandoned the premises. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We affirm the judgment for breach of the lease and wrongful eviction, but reverse and remand the award of damages.
 
 STANDARD OF REVIEW
 
 3
 "Because this court is in as good a position as the Bankruptcy Appellate Panel to review the decision of the bankruptcy court, [this court] independently review[s] that decision." In re Probasco, 839 F.2d 1352, 1353 (9th Cir.1988). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Id. at 1353-54.
 
 DISCUSSION
 I. Abandonment of Premises
 
 4
 Plaza contends that the bankruptcy court erred in finding that Club had not abandoned the premises because: (1) the bankruptcy court improperly placed the burden of proof on Plaza to provide evidence of Club's intent to abandon the premises; (2) there was substantial evidence to support Plaza's belief that Club intended to abandon the premises; and (3) Club's failure to respond to Plaza's Notice of Belief of Abandonment and Notice to Pay Rent or Surrender Possession relieved Plaza of any wrongdoing in retaking the premises. These contentions lack merit.
 
 
 5
 Under California Civil Code section 1951.3(a), real property is deemed abandoned by the lessee if the lessor gives written notice of his belief of abandonment and the lessee fails to give the lessor written notice that he does not intend to abandon the property. Cal.Civ.Code Sec. 1951.3(a) (West 1985). The lessor may only give such notice, however, where the rent on the property has been due and unpaid for at least 14 consecutive days and the lessor reasonably believes that the lessee has abandoned the property. Id. Sec. 1951.3(b). Property may not be deemed abandoned if, at the time the notice of belief of abandonment was given, it was unreasonable for the lessor to believe that the lessee had abandoned the property. Id. Sec. 1951.3(e)(2). The lack of reasonable belief by the lessor is tested objectively. The bankruptcy court held that Plaza's notice was inadequate because Plaza could not have reasonably believed that Club had abandoned the premises.
 
 
 6
 (A) Burden of Proof
 
 
 7
 The lessee has the burden of establishing that it was unreasonable for the lessor to believe that the lessee had abandoned the premises. Cal.Civ.Code Sec. 1951.3 (West 1985) (Legislative Committee Comment). Plaza points to the following language in the bankruptcy court's opinion in support of its contention that the bankruptcy court impermissibly shifted the burden of proof to Plaza:
 
 
 8
 The determination of whether acts constituting an abandonment has occurred is a question of fact which involves evaluation of the intent of parties. Martin v. Cassidy, 149 Cal.App.2d 106, 111 (1957). Absent convincing, credible evidence that the property was abandoned, defendant must show that it complied with California's statutory scheme to recover possession of the premises in order to defend against the claim of forcible entry and detainer.
 
 
 9
 As the bankruptcy appellate panel noted, this language does not suggest that the bankruptcy court placed the burden of proof upon Plaza to establish Club's intent to abandon. The bankruptcy court simply indicated that because there was not convincing, credible evidence that Club intended to abandon the premises, Plaza was required to comply with the procedural requirements of section 1951.3. See Cal.Civ.Code Sec. 1951.3 (West 1985) (Legislative Committee Comment) (purpose of section 1951.3 is to establish that leased real property has been abandoned by the lessee); id. Sec. 1951.3(c), (d) (detailing procedural requirements for giving notice under section 1951.3(a)).
 
 
 10
 (B) Intent to Abandon
 
 
 11
 The bankruptcy court found that Club had met its burden to establish that it was unreasonable for Plaza to believe that Club had abandoned the premises based on the following undisputed facts: (1) Club advised Plaza of its intent to reopen after completion of construction; (2) Plaza's agents were aware that Club placed a sign on the premises notifying the public of its intent to reopen in November 1985; and (3) Club left personal property of substantial value on the premises.
 
 
 12
 Based on the undisputed facts in the record, the bankruptcy court did not clearly err in finding that Plaza could not have reasonably believed that Club had abandoned the premises. Plaza's evidence of Club's intent to abandon does not negate the undisputed facts. First, although Club closed its business and vacated the premises in June 1985, such action is consistent with Club's claim that it was unable to operate due to the construction activity. Second, although Plaza's legal counsel may have been unaware that Club had posted a sign indicating that it would reopen, it is undisputed that Plaza's management personnel were aware of the sign. The relevant inquiry is whether the lessor, not the lessor's counsel, reasonably believed that the lessee had abandoned the premises. See Cal.Civ.Code Sec. 1951.3(e)(2) (West 1985) (real property shall not be deemed to be abandoned if "it was not reasonable for the lessor to believe that the lessee had abandoned the real property" (emphasis added)). Finally, although the property Club left on the premises may have been heavily encumbered, the fact that Club left property of substantial value on the premises is itself significant evidence that Club had not abandoned the premises. See Cal.Civ.Code Sec. 1951.3 (West 1985) (Legislative Committee Comment).
 
 
 13
 (C) Club's Failure to Respond to Notices
 
 
 14
 It is undisputed that Club failed to respond to Plaza's Notice of Belief of Abandonment and Notice to Pay Rent or Surrender Possession. Contrary to Plaza's contention however, Club's failure to respond to the notices did not terminate the lease or relieve Plaza of any wrongdoing.
 
 
 15
 First, Club's failure to respond to Plaza's Notice of Belief of Abandonment did not terminate the lease because a failure to respond to such a notice terminates the lease only where the lessor reasonably believed that the lessee had abandoned the premises. See Cal.Civ.Code Sec. 1951.3(b) (West 1985). As previously discussed, the bankruptcy court properly concluded that it was unreasonable for Plaza to believe that Club had abandoned the premises.
 
 
 16
 Nor did Club's failure to respond to Plaza's Notice to Pay Rent or Surrender Possession terminate the lease because the notice did not comply with California's unlawful detainer statute. See Cal.Civ.Proc.Code Secs. 1159-1179a (West 1985 and Supp.1988). The statute permits a lessor, upon compliance with the statutory notice requirements, to declare a forfeiture and terminate a lease for nonpayment of rent. See Lehr v. Crosby, 123 Cal.App.3d Supp. 1, 8, 177 Cal.Rptr. 96, 100 (1981). A notice to pay rent or surrender possession which overstates the amount of rent due is of no legal consequence and will not support an action for unlawful detainer. Ernst Enters. v. Sun Valley Gasoline, 139 Cal.App.3d 355, 358, 188 Cal.Rptr. 641, 644 (1983). Under the terms of the lease, Plaza was required to reduce the rent if Plaza's construction activities materially interfered with Club's access to the premises. The bankruptcy court found that Plaza's construction activities materially interfered with Club's access to the premises, but that Plaza failed to reduce the rent. Therefore, the notice overstated the amount of rent due and was of no legal consequence. Accordingly, Club's failure to respond to the Notice to Pay Rent or Surrender Possession did not relieve Plaza of any wrongdoing.
 
 II. Wrongful Eviction
 
 17
 Plaza contends that the bankruptcy court erred by finding that Plaza wrongfully evicted Club because Plaza did not deprive Club of the beneficial enjoyment of the premises. Plaza notes that, at the time Plaza entered the premises and changed the locks, Club had been closed for two months and Club did not intend to reopen until November 1985.
 
 
 18
 Here, it is undisputed that in August 1985, Plaza reentered the premises and changed the locks, preventing Club from entering the premises. It is equally undisputed that Plaza failed to comply with California's unlawful detainer statute in taking possession of the premises. A landlord is allowed to reenter without satisfying the requirements of the unlawful detainer statute "only when the tenant has abandoned the premises and thereby lost his right to possession." Kassan v. Stout, 9 Cal.3d 39, 44, 507 P.2d 87, 90, 106 Cal.Rptr. 783, 786 (1973). As previously discussed, however, Club did not abandon the premises. Accordingly, Plaza is liable to Club for forcible entry and detainer. See Bedi v. McMullan, 160 Cal.App.3d 272, 276, 206 Cal.Rptr. 578, 580-81 (1984) (holding that under California's unlawful detainer statute, a landlord must obtain a valid writ of execution before forcibly evicting a tenant). A landlord's forcible entry gives the tenant a cause of action in tort for wrongful eviction. See 4 B. Witkin, Summary of California Law, Real Property Secs. 732-733 (9th ed. 1987). Accordingly, the bankruptcy court properly granted judgment to Club on its wrongful eviction claim.
 
 III. Calculation of Damages
 
 19
 Plaza contends that the bankruptcy court erred by awarding Club damages for the loss of the value of its improvements based on the amount Club spent for improvements because the improvements reverted to Plaza at the end of the lease term. This contention has merit.
 
 
 20
 In support of its contention that the bankruptcy court's calculation of damages was erroneous, Plaza relies on Asell v. Rodrigues, 32 Cal.App.3d 817, 108 Cal.Rptr. 566 (1973). In Asell, the issue before the court was the correct measure of damages on tenants' claim of wrongful eviction from a ranch. Id. at 825, 108 Cal.Rptr. at 571. The appellate court held that the trial court erred by awarding the tenants the value of their labor and costs for improving the ranch because certain improvements were permanent improvements, and the tenants had no right to remove those improvements at the end of the lease term. Id. at 825-26, 108 Cal.Rptr. at 571-72. Thus, the lessor's wrongful eviction only deprived the tenants of the reasonable value of the loss of use of the improvements for the remaining term of the lease. Id. at 826, 108 Cal.Rptr. at 572.
 
 
 21
 Similarly, Plaza contends, and Club does not dispute, that many of Club's improvements were permanent improvements that reverted to Plaza at the end of the lease term. Thus, Plaza's wrongful eviction only deprived Club of the reasonable value of the loss of use of the improvements for the balance of the lease term; Club was not entitled to recoup the cost of its improvements.[1] Id. at 825-26, 108 Cal.Rptr. at 571-72. We reverse the award of damages and remand to the bankruptcy court to redetermine Club's damages award based on the loss of the use of its improvements for the remaining term of the lease.[2]
 
 IV. Damages Beyond the Date of Rejection
 
 22
 Plaza contends that the bankruptcy court's order rejecting and terminating the lease as of November 15, 1985, bars damages beyond that date. This contention lacks merit.
 
 
 23
 In its February 5, 1986, order rejecting the lease, the bankruptcy court stated that its order was without res judicata or collateral estoppel effect with respect to state law issues, including damages. The bankruptcy court also stated that Plaza and Club would be permitted to proceed with their state court remedies, including eviction.
 
 
 24
 Damages recoverable for wrongful eviction include those amounts that are necessary to compensate the tenant for the detriment proximately caused by, or likely to result from, the eviction. Castillo v. Friedman, 197 Cal.App.3d Supp. 6, 19, 243 Cal.Rptr. 206, 213 (1987). The measure of damages is normally the value of the term, less the rent reserved. Id. Damages for the loss of use of property may be had to the end of the lease term. Asell, 32 Cal.App.3d at 825-26, 108 Cal.Rptr. at 571-72.
 
 
 25
 Plaza relies on Rosano v. Superior Court, 147 Cal.App.3d 92, 194 Cal.Rptr. 749 (1983), in support of its contention that Club is not entitled to damages for wrongful eviction beyond the date of the bankruptcy court's termination of the lease. In Rosano, the issue before the court was whether a tenant is entitled to damages for lost profits beyond the end of the lease term. Id. at 93-94, 194 Cal.Rptr. at 750. The court held that damages for lost profits are limited to those losses incurred during the unexpired term of the lease, including the period following notice of termination when the tenant is clothed with a legal right to possession. Id. at 96, 194 Cal.Rptr. at 751. Plaza argues that because Club had no legal right to possession following the bankruptcy court's rejection of the lease, Club should be limited to damages for the period between Plaza's eviction of Club in August 1985 and the court's rejection of the lease in November 1985.
 
 
 26
 The relevant inquiry is the extent to which Club had a legal right to possession under the terms of the lease. See id. at 95-97, 194 Cal.Rptr. at 751-52 (determining when tenant's legal right to possession of the leasehold expired based on the terms of the lease); Asell, 32 Cal.App.3d at 826, 108 Cal.Rptr. at 572 (determining damages for wrongful eviction based on remaining term of the lease). Under the terms of the lease, Club had a legal right to possession through November 1988, the end of the five-year lease term.[3] Accordingly, the bankruptcy court properly awarded damages to Club through the remaining term of the lease.
 
 V. Attorneys Fees
 
 27
 Plaza contends that the bankruptcy court erred in granting attorneys fees to Club because it is unclear whether the court granted attorneys fees in tort or in contract. This contention lacks merit.
 
 
 28
 In California, the prevailing party in a successful tort action is not entitled to attorneys fees. See Englert v. Ivac Corp., 92 Cal.App.3d 178, 191, 154 Cal.Rptr. 804, 811 (1979) (upholding trial court's failure to award appellant attorneys fees because his action was not for breach of contract but "for specific recovery of personal property or conversion or replevin"). Parties to a contract are free, however, to enter into an agreement regarding recovery of attorneys fees in the event of a suit. See Cal.Civ.Proc.Code Sec. 1021 (West Supp.1988); 1 B. Witkin, Summary of California Law, Contracts Sec. 842 (9th ed. 1987).
 
 
 29
 Here, the lease contained a clause awarding attorneys fees to a prevailing party in a dispute arising from the lease. Club's claims of wrongful eviction and breach of the implied covenant of quiet enjoyment arose from the lease. Accordingly, the award of attorneys fees was proper.[4]
 
 CONCLUSION
 
 30
 The bankruptcy court's judgment is AFFIRMED in part, REVERSED in part, and REMANDED for redetermination of damages. Club may recover its costs on appeal.
 
 
 31
 CYNTHIA HOLCOMB HALL, Circuit Judge, dissenting.
 
 
 32
 I dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Club attempts to distinguish Asell on the ground that in Asell the improvements left on the leasehold would be useful to the lessor beyond the term of the lease whereas here Plaza would have no use for Club's improvements beyond the term of the lease. Contrary to Club's contention, however, nowhere in Asell does the court suggest that the tenant's improvements would be of value to the lessor beyond the term of the lease, nor was the court's holding impliedly based on such a finding. See Asell, 32 Cal.App.3d at 825-26, 108 Cal.Rptr. at 571-72
 
 
 [2]
 Plaza further contends that Club would not even be entitled to damages for the loss of use of the improvements because Club was losing money, and thus any use of the improvements would only result in further loss. This contention lacks merit. As Club notes, the relevant inquiry is the value of the use of the improvements, not the amount of profits stemming from the loss of the use of the improvements. See Asell, 32 Cal.App.3d at 825-26, 108 Cal.Rptr. at 571-72
 
 
 [3]
 Furthermore, the bankruptcy court determined that the order rejecting the lease was directly attributable to the construction activity preventing Club from staying in business. It would be inequitable to limit Club to damages occurring prior to the order rejecting the lease because the rejection was attributable to Plaza's own conduct
 
 
 [4]
 Plaza also contends that the amount of attorneys fees awarded to Club was excessive. This court reviews the amount of attorneys fees awarded by the trial court for an abuse of discretion. See General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir.1986). The only fact Plaza advances in support of its argument that the attorneys fee award was excessive is that Club sought six million dollars in damages but only recovered $250,000. Nowhere does Plaza point to specific legal costs Club incurred as being unreasonable. Accordingly, the bankruptcy court did not abuse its discretion in its award of attorneys fees